ELLEN R. DOUGLAS v. JAMES W. RINEHART, *et al.*

*Error from Leavenworth County.*

1. PLEADINGS: TIME OF.—To grant, or to refuse an application for leave to file a reply on behalf of one defendant to the answer of his co-defendant after the time fixed by the rules of pleading for such filing has expired, is a matter resting in the sound discretion of the court, to which such application is made.

Statement of the Case.

2.  ID:  ERROR.—In such a case, a reviewing court will not interfere unless it be shown that such discretion has been abused.

3.  TRIAL:  ASSESSMENT OF DAMAGES.—An answer which fails to raise any substantial issue, but expressly admits the execution of the instrument sued upon, and described in the petition to which such answer is directed, will not entitle a defendant to demand a jury for the assessment of damages, and in such case, it is not error for the court to refuse such demand if made.  *Civ. Code*, '68, § 128.

4.  The decisions in the cases of Gaylord, *et al.*, v. Stebbins, *et al.*, 4 Kansas, 42, and Stevens v. Thompson, *ante p.* 305 approved [a]

In addition to the statement of facts contained in the opinion, it also appears by the record that the " answer day," fixed in the summons, was June 27th, 1869, which was Sunday.  The petition in the court below was against the mortgagors, John C. Douglas and this plaintiff in error, his wife; and judgment creditors of John C. Douglas were made parties defendant, who answered, setting up their judgments, claiming a prior lien upon the mortgaged premises, and unite with the plaintiff below in a prayer for the sale thereof.  The priority of the judgment lien was denied by plaintiffs.  A statement of the further proceedings and facts in the case may be found in the subjoined opinion.

*Stillings and Fenlon*, for plaintiff in error.

*No counsel* for the defense.

[a]1.  PLEADINGS: TIME OF.—When the day for answering fixed in the summons, falls on Sunday, it seems, the answer may properly be filed on the next day.

2.  PRACTICE: DOCKETING A CAUSE.—Where the issues are or should be made up during the term of court, it seems, it is the duty of the clerk to put the case upon the trial docket.

3.  ISSUE.—Where an answer, to an ordinary petition on a note and mortgage, admits the execution of the instruments as set forth, but denies each and every other allegation therein contained, and contained no other averments; it was held, that no substantial issue was raised by the answer; and it seems, that evidence tending to avoid or change the legal presumptions arising from the execution of the instruments, would not be admissible thereunder, and that the admission in the answer carried along with it all that was necessary for the plaintiff to prove, to make out his case.

4.  MOTION FOR JUDGMENT.—Where the answer raises no substantial issue, it seems, a motion for judgment by plaintiff is a proper way of calling the attention of the court to the case.

5.  REDEMPTION: WIFE'S RIGHT OF.—Where judgment, foreclosing a mortgage on property of the husband, entered against a husband and wife, is taken up on error by the latter alone, it seems, she, by virtue of her inchoate right of dower, would have no right to redeem under the act of 1861, Comp. L., 769, and cannot complain because the judgment below gave no right of redemption.

*For the plaintiff in error,* it was submitted:

1.   The case could not have been legally placed upon the trial docket for the May term, 1869. § 24, *Rule of Court; Gen. Stat.,* 688, §§ 313, 318.

2.   It was error to take up the case for the assessment of damages before it came up in its order on the trial docket, and this even if there had been a default. *Gen. Stat.,* 688, §§ 313, 314, 315, 318, *p.* 705, § 401.

3.   There was an answer filed, and hence no default. Compare 14 *B. Monroe,* 517–522; 10 *Iowa,* 590–596; 5 *Iowa,* 468–472.

*a)*   The amount of damages was a material allegation, and was denied.   *Gen. Stat.,* 653, §§ 128, 129.

*b)*   The breach of contract was a material allegation for plaintiff, [1 *Chit. Pl.,* 332, 337; 5 *East.,* 270; 7 *S. & R.,* 310; 7 *Johns.,* 461; 2 *N. H.,* 289;] and being denied required proof before judgment.   *Gen. Stat.,* 653, § 128.

*c)*   And that a right of action had accrued to plaintiff was a material allegation and was denied.

*d)*   There was a denial of other material allegations without proving which a judgment is erroneous, and even if the whole cause of action had been *confessed* judgment against defendants could not be entered until their affidavits had been filed as required by law.   *Gen. Stat.,* 706, § 405.

4.   And the code nowhere allows judgment on an answer by motion.   A motion is for an order only and not for judgment.   An insufficient pleading must be demurred to, or stricken out.   14 *B. Monroe,* 517; 10 *Iowa,* 590–596; 5 *Iowa,* 468.

5.   The time when the issues in the case should have been made up had not expired when the plaintiff's motion for judgment was made, July 7th, 1869.

*a)*   The defendant's answer day was Monday, June

28th, and the defendants, Douglas and wife, had until the 8th of July to file a reply to the answer of their co-defendants. *Gen. Stat.*, 771, §§ 105, 650, 725.

*b*)  The status of the pleadings on 7th July, when motion was made for judgment, determined the right to judgment on the pleadings.  And as on the 7th July, when the motion for judgment was made, defendants Douglas had a right to ᵥreply to their co-defendants' answer, that right remained ·to them until after the motion had been heard on the 10th, and decided on the 17th July.  *Gen. Stat.*, 650, §§ 104, 105,˙106.

, *c*)  And even if plaintiff had demurred to the answer, and the demurrer had been sustained, defendant should have had leave to reply or amend, much more if the objection is taken by motion.  *Gen. Stat.*, 655, § 141.

6.    The defendant, John C. Douglas, was entitled to a jury to assess the damages.  *Const. Bill of Rights*, § 5; *Gen. Stat.*, 680, § 266; 679, § 263; 684, § 289; 705, § 401; Compare *Civil Code*, 1859, §§ 386, 600, *and Civil Code*, 1858, §§ 598, 279, 263, 376; *Organic Act*, §§ 24, 32; 10 *Wend.*, 449; 19 *id.*, 676; *Lee v. Tillotson*, 24 *id.*, 337; *Lewis v. Garnett*, 5 *How.*, [*Miss.*,] 434; *Green v. ·Briggs*, 1 ·*Curt.*, 311; *Webster v. Reid*, 11 *How.*, 437; *Mitchel v. Harmony*, 13 *How.*, 142; 3 *Chitty Blackst.*, 397, 349.

7.    Interest was no part of the debt.  2 *Tidd*, 873; 1 *Dowl. & Ryl.*, 16, 18, 19, 20; 5 *Taunt.*, 625; 4 *Price*, 282; 3 *Kas.*, 214; *id.*, 295; 4 *Kas.*, 41; 45 *Ill.*, 218; 36 *N. Y.*, 572; 4 *Kas.*, 558; 14 *B. Monroe*, 517–522; 15 *id.*, 591; 3 *Greenlf. Ev.*, §§ 264, 265; 10 *Ohio St. R.*, 437; 11 *Ind.*, 80.

*By the Court*, SAFFORD, J.

This action was commenced by the filing of the petition of plaintiff and causing a summons to issue thereon,

May 28th, 1869. Summons was returned on the 7th day of June following. Service was duly made on all of the defendants by copy on the 28th and 31st days of May, 1869.

PLEADING:    The answer of the defendants, Douglas and
Time of.    wife, was filed June 28th, 1869, as was also that of the other defendants, Rinehart, *et al.* The answer day according to the summons was on the 27th day of June, 1869, but that date falling on Sunday, the said answers were properly filed on the next day, to-wit: on the 28th of June, 1869. *Civ. Code*, 1868, § 722.

The answer of defendants, Douglas and wife, required no reply, but to the answer of Rinehart, *et al.*, plaintiff, filed a reply on the said 28th day of June, 1869, although under the rules of pleading he had until the 7th day of July following, to file such reply. The defendants, Douglas and wife, also had until the 7th day of July, 1869, to file a reply to the answer of their co-defendants, Rinehart, *et al.*, [*Gen. Stat.*, 650, § 104, 105;] but they failed to do so, and the pleadings filed as aforesaid, were all that were in the case. The issues then were, or should have been made up on the said 7th day of July, 1869. It will be observed that these proceedings were begun, and that the issues were so made, or should have been made up after the commencement of a regular term of the court in which they were brought, and before the closing of such term. The case then might have regularly stood for trial at that term, [*Gen. Stat.*, § 315, *p.* 689;] and it was the duty of the clerk of the court to have placed it on the trial docket. [*See same section.*] On the 7th day of July, 1869—the same day on which the issues were or ought to have been made up as before stated— the plaintiff filed his motion for a judgment on the note and mortgage, because: First, the answers of defend-

ants did not raise any issue. Second, there was no issue to be tried in the action. Third, the answer of Douglas and wife did not raise any issue. This motion was argued by counsel, who were present before the court and represented all the parties, and taken under advisement by the court July 10th, 1869. On the 17th day of July, 1869, the court rendered a decision on said motion, and sustained the same, to which decision Douglas excepted. Defendant Douglas then demanded a jury, to whom should be submitted the question of damages, etc., which demand was refused, and to this ruling Douglas excepted. At this point, also in the proceedings, Douglas moved the court for leave to file a reply to the answer of his co-defendants, Rinehart, *et al.*, which motion was overruled by the court, and this ruling was also excepted to by defendant Douglas. The court then proceeded to state the conclusions of fact found and rendered judgment thereon.

TRIAL: TIME OF   With the facts in the case thus briefly stated, we shall now proceed to examine the several grounds of error as alleged in the petition filed in this court, though perhaps not in the order therein set out. It is insisted that the court erred in taking up this case for hearing on the motion for judgment on the 10th day of July, 1869, and in deciding said motion and rendering judgment on the 17th day of July, for the reason as it is claimed that the case had not been regularly reached for trial on those days, or on either of them. We are unable to find anything in the record which shows such to have been the fact. For all that affirmatively appears, no action was had in the case other than the filing of papers, until after the time at which the issues were or ought to have been made up, which was, as we have before seen, on the 7th

day of July, 1869.   If, then, the clerk on that day placed the case on the trial docket under the provisions of section three hundred and fifteen, before referred to, how can we from this record say that the case was not regularly reached and called for trial on the 10th.   But it may be said that the issues were not made up and that the defendants, Douglas and wife, had a right to file a reply to the answer of their co-defendants, Rinehart, *et al.*   This may be all true enough.   They had the right to file such reply on or before the 7th day of July, but whose fault was it they did not do so, and that such issues were not made up as they should have been?

These defendants had permitted the last day on which, by the rules of pleading, they were entitled to file such reply, to come and go without having filed, or attempted to file it, and hence it is but fair to hold that they by their own *laches* had waived their right of reply.   But it is further claimed that the court should have permitted them to file such reply on the 17th day of July, 1869, on which day, as the case shows, they made application so to do, for the first time.   To have granted or to have refused such application was a matter resting in the sound discretion of the court, and until it is shown that such discretion was abused, which has not been attempted in this case, we may not interfere.   We cannot, therefore, say that there was any error in the proceedings of the court below, by reason of the case having been taken up for trial, at any time after the 7th day of July, A. D. 1869.   It is further insisted that the court erred in refusing the demand of the defendant, John C. Douglas that a jury be called for the assessment of damages.   The decision of this point seems to require a brief consideration of the pleadings in the case, and a determination as to what issues were or were not raised thereon.

ASSESSMENT OF Damages by a Jury. The petition as against Douglas and wife was an ordinary petition on a note and mortgage, and rehearsed the facts upon which the plaintiff claimed to be entitled to recover. It also referred to exhibits, setting out in full the instruments sued upon, which were thereto attached and made parts thereof. As to its entire sufficiency in every respect no question has been made. The answer of the defendants, John C. Douglas and wife, after the caption, was in the words following, to-wit: "And now comes said defendants, John C. Douglas and E. R. Douglas, and for answer to plaintiff's petition filed herein, *admit the execution of said note and mortgage, described in plaintiff's petition*, and deny each and every other allegation therein contained."

ISSUE: WHEN Answer Admits. We are of the opinion that no substantial issue was raised by this plea, containing as it did, an *express admission* of the execution of the note and mortgage as set forth in the petition, and failing to set up any matter by way of avoiding, or in any manner changing the ordinary legal effect of such instruments, or under which, evidence, tending to avoid or change such effect, could have been introduced. *Such express admission* carried along with it an admission—*prima facie* at least—of the truth of every fact, which it was necessary for the plaintiff to establish in order to recover. Thus, for instance, that the note was passed due, and therefore payable. This was to be seen from the terms of the instrument itself, as revealed upon its face, and unvaried and unaffected by anything appearing in the case. *And again*—that the amount which was due by reason of the premises was *not less* than it was stated to be in the petition. The answer containing no plea setting up payment of any part of the amount appearing to be due by the terms of the note, and the pleadings being

in such a condition as to preclude the defendants, Douglas and wife, from proving such payment, if any had been made, [*Stevens v. Thompson, ante, p.* 305,] there was no chance for question as to this point, and the only thing necessary to be done, in order to determine what was done, was to refer to the face of the note, and upon the facts there set forth the law would fix the amount. It is further to be noticed in this connection that the latter part of section one hundred and twenty-eight of the code, in the laws of 1868, is applicable to just such a case as the one presented on the pleadings herein. The portion of said section referred to reads as follows: " Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them; *but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only.*"

The petition in this case contained an allegation as to the amount of damages which was certain and specific, or could have been rendered so by a simple calculation, while in the answer there was, as we have before seen, no proper and effectual denial thereof. Such allegation, therefore, might have been and was properly taken to be true, as upon the pleadings, and without further proof.

It is, perhaps, unnecessary to pursue the discussion further upon this point, since enough has already been said to show how and why we have come to the conclusion above stated, that upon the defendant's answer, to-wit: that of Douglas and wife, no substantial issue was raised. We may also call attention to the fact that the same principle which is involved in the discussion in this case has been previously decided by this court in the case of Gaylord, *et al.*, v. Stebbins, *et al.*, reported in the 4th Kansas, 42, and which is cited with our approval. It will be remembered that as between Douglas and wife

and their co-defendants, Rinehart, *et al.*, no issue what-ever was raised; and it is therefore, apparent that so far as Douglas and wife were concerned there were no issues in the case which they could reasonably ask to be submitted to the consideration and judgment of a jury; and hence there was no error in the refusal of the court to accede to the demand for such jury, made by John C. Douglas.

A point has been made for the plaintiff in error, as against the proceedings of the court below, for the reason that such court acted upon a *motion for judgment,* etc., filed by the plaintiff below. We do not think there is any considerable weight to be attached to this objection. If the action of the court in all that was done was substan-tially correct, in view of all the circumstances surround-ing the case, it certainly matters but little how the atten-tion of the court was called to it, or what induced the court to so act.

The plaintiff in error makes another point in her pe-tition, which is stated in the words following, to wit: "The said court erred in decreeing a sale of said prop-erty without the right of redemption to said John C. Douglas and Ellen R. Douglas, and giving the purchaser the right of immediate possession." So far as the brief of plaintiff in error is concerned this point is not at all pressed, and indeed it is not mentioned therein. In view of this fact, it is very reasonable to suppose that the counsel for the plaintiff did not regard the objection as available, as the case is presented here.

At any rate such is our conclusion in the matter. This petition in error is presented in behalf of Ellen R. Douglas alone. She alone is complaining of the judg-ment of the court below; upon the question raised, while from all that appears in the record the conclusion is

natural and presumptive, that the property in question was the property of the judgment *debtor* John C. Douglas, and that the only interest this plaintiff in error had in it, was a possible right of dower. This would give her no right of redemption under the redemption law of 1861, and, therefore, we are unable to see how *her* rights have been prejudiced, by, or how she can be heard to complain of the ruling of the court in the particular named.

The judgment of the district court is affirmed. All the justices concurring.