## DANIEL RAPP v. JOHN T. KYLE.

1. SHERIFF'S RETURN, *Amendment of.* Where amendment of a sheriff's return is proper, it is not error to permit the amendment to be made by the officer who actually served the process, and this notwithstanding he was only a deputy, and no longer in office.

2. NOTICE OF PUBLICATION, *Not Fatally Defective.* In an action by attachment in which the defendant, being a non-resident, service is sought by publication, a notice of publication which states that an attachment has been issued and levied upon real estate, describing it, and that upon default the petition will be taken as true, and judgment entered accordingly for the amount claimed in the petition, naming it, is not fatally defective, though it fail also to state specifically that an order will be entered for the sale of the attached property.

*Error from Pottawatomie District Court.*

AT the August Term, 1880, of the district court, *Kyle*, as plaintiff, recovered a certain judgment against defendant,.

*Rapp,* who brings the case here. The opinion states the facts.

*John A. Beal,* and *Wm. P. Douthitt,* for plaintiff in error. *R. S. Hick,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are as follows: On the 6th day of June, 1879, the plaintiff, Daniel Rapp, commenced an attachment suit against one C. A. Stoner, in the district court of Pottawatomie county. An order of attachment was issued and levied upon certain real estate in that county. Both the plaintiff and defendant in that action were non-residents of the state. On the 10th day of June, an affidavit for publication was filed, publication thereafter made, and at the August term following, default and judgment entered. On the 13th day of September, an order of sale was issued, and the land duly appraised and advertised. On October 18th, the land was sold to one John Scott, and return thereof filed in the clerk's office. Afterward, and on the 10th day of November, 1879, John T. Kyle filed his petition in the district court, making Daniel Rapp the single defendant; stating that he had purchased the land of Stoner for value on the 21st day of July, 1879; setting forth the judgment; and praying for an injunction against Rapp and all persons holding under him, from receiving the deed of the sheriff on the sale of the land. After a trial by the court without a jury, Kyle obtained judgment as prayed for, to reverse which judgment this proceeding in error has been brought.

The principal question is as to the validity of the attachment proceedings. As the title of Kyle accrued subsequently to the levy of the attachment, it is manifest that his title must fail unless there were some fatal defects in the attachment proceedings. Two specific objections are made to those proceedings.

I. It is insisted that the return of the sheriff does not show that the land attached was attached as the property of Stoner, the defendant, and hence under the authority of *Re-*

*pine v. McPherson*, 2 Kas. 340, that the proceedings were invalid. It may be doubted whether, under the record as it originally stood, this objection could be sustained, for the return of the sheriff referred to the inventory and appraisement and made them a part of the return, and such inventory and appraisement described the property as the property of Stoner, the defendant. But be that as it may, the officer levying the attachment was permitted by the court to make an amendment to the return, stating specifically that he attached the land as the property of the defendant Stoner. We see no reason to doubt the propriety of this amendment, or that it was made by the proper officer, although he was only the deputy of the sheriff, and no longer in office, inasmuch as he was the officer who personally made the levy. It is generally the case that the officer who serves process is the proper one to make or amend the return, and this whether he be principal or deputy. Further, it may be remarked that the affidavit for publication described the land attached, and alleged that it was the property of the defendant Stoner.

1. Sheriff's return, amendment of.

II. It is objected that the notice of publication did not sufficiently indicate the nature of the judgment which was sought to be obtained. This notice, after reciting that the plaintiff had caused an order of attachment to be issued and levied upon the land, describing it, further stated that upon default "said petition will be taken as true, and judgment will be rendered against him accordingly for said sum of $3,070, and interest." It did not specifically state that any order of sale of the attached property would be asked, and because of this omission it is insisted that the notice was fatally defective. The case of *Cohen v. Trowbridge*, 5 Kas. 392, is referred to, in which this court said, "The party attempting to bring another before the court by constructive service, ought to state with certainty the nature of the judgment claimed." We are not disposed to limit the scope or authority of that decision, but a reasonable construction ought to be given to every notice of publication, as well as to every other paper or proceeding in

a cause. Of course when there is such notice, any inaccuracy or uncertainty of statement which is liable to mislead the defendant or others, such as appeared in the case of *Cohen v. Trowbridge,* supra, courts may properly hold the notice insufficient. But when the notice is entirely accurate and correct in its statements, and when it is so full that there is no possibility of its misleading any one as to the exact nature of the relief which is sought, any mere informality in the notice may be disregarded. The statute requires that the nature of the judgment shall be stated in the notice. This notice stated that plaintiff had filed his petition praying judgment upon a promissory note for a certain sum, with interest from a certain date. This was all the judgment which under the petition alone could properly be entered. The notice further stated that an attachment had been issued and levied upon certain described real estate, and as before stated, that upon default judgment would be entered accordingly for the amount due on the note. Doubtless it would have been more full and proper to have stated that an order would be entered for the sale of the attached property, but would the omission of such a statement render the notice fatally defective? Would a sim-

2. Notice of publication, not fatally defective.

ple money judgment, unaccompanied by any order for the sale of the attached property, be a nullity? We think not. The attachment is but an ancillary proceeding. If the defendant be served with process, action may go on to judgment whether the attachment stand or fall. The allegations in the affidavit for attachment present none of the issues of the case. The affidavit itself is no pleading. (*Boston v. Wright,* 3 Kas. 227; *McLaughlin v. Davis,* 14 Kas. 168.) The order of sale is technically no part of the judgment. The code provides that if judgment be rendered for the plaintiff, it shall be satisfied by a sale of the property under the order of the court. (Sec. 222.) This impliedly recognizes that the judgment is complete before and without any order of sale.

The practice, and the proper one, is to incorporate the order of sale into the journal entry of the judgment; but the

omission of such order of sale will not invalidate the judgment. True, such a judgment would not bind other than the property attached; nor would it if the order of sale was also entered. In this case, the defendant not being personally served, jurisdiction is acquired only through attachment and publication; but the notice gave full information of the steps taken to acquire jurisdiction, and the exact property which was sought to be subjected to the payment of plaintiff's claim. Hence there was no possibility of the defendant or any one else being misled. We do not wish it to be understood that, where real estate is taken under attachment, it is unnecessary to describe the property in the notice of publication, or that an error or uncertainty in the description will not vitiate the notice. But where the notice fully informs of the attachment proceedings, correctly describes the property attached, and gives notice of the nature of the judgment which the plaintiff claims, and to which he would be entitled under his petition, the notice is not fatally defective if it does not also state that an order will be entered for the sale of the attached property. These being the two objections made to the record in the attachment case, and neither of them being well taken, it follows that the district court erred in its rulings.

Two other matters appear in the case which would require some consideration but for the conclusion reached as to these two questions already noticed — first, the purchaser at the sheriff's sale was not made a party to this action, as he should be; second, as the alleged defects in the attachment proceeding appeared upon the face of the record — defects not cured by lapse of time, and always open to inspection — is there a case presented for the interference of a court of equity?

It is unnecessary, however, to occupy any time in considering these questions, as the matters already decided dispose of the case.

The judgment will therefore be reversed, and the case remanded for a new trial.

All the Justices concurring.