Charles Wilkins, *et al.*, v. George W. Tourtellott, *et al.*

29   513
42   193
42   195
42   201
29   513
46   206

Practice, *in Supreme Court*.    Where an action of ejectment tried in the district court results in a judgment in favor of the plaintiffs, and the defendants bring the record here for review, and it appears that there is a fatal defect in the evidence of plaintiffs' title, *held*, that the judgment should be reversed and the case remanded for a new trial; and that it is not proper practice to simply remand the case with leave to perfect the evidence.    (*Wilkins v. Tourtellott*, 28 Kas. 844, corrected.)

### Motion for Rehearing.

This case is reported in 28 Kas. 825, *et seq.*, where a sufficient statement of the facts will be found.    The court at its session in November, 1882, ordered that—

"The case be remanded to the district court with the instructions that if within such reasonable time as the district court or judge shall prescribe, the sheriff's returns on the attachment orders shall be amended in conformity to the views expressed by this court in this opinion, the judgment shall be affirmed.    On the other hand, if such amendment cannot be obtained, the judgment will be reversed, and the case remanded for a new trial."

Afterward, the plaintiffs in error filed a motion for a rehearing, which motion the court decided at its March session, 1883, and then filed the opinion, *infra*.

33 — 29 kas.

*James M. Mason,* for plaintiffs in error; *Nathan Cree,* and *Nelson Cobb,* of counsel.

*Pratt, Brumback & Ferrey,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: A motion for a rehearing is made in this case. In one respect we are constrained to think that there was error in the opinion heretofore filed, and that the order we made was improper. The facts are these: The action was an action of ejectment. Trial by the court; special findings of fact, and judgment for plaintiffs; the defendants brought the record to this court. Plaintiffs' title rested upon a sheriff's sale made upon executions issued on two judgments. Jurisdiction of the defendant in those judgments was obtained by attachment and publication. The returns on the writs of attachment were not signed by the officer, and were defective in other respects. We held the returns insufficient to confer jurisdiction, but that the defects could be cured by amendment if the facts justified. Thereupon, instead of reversing the judgment and remanding the case for a new trial, we said that it seemed to us that the case had been fully tried and all available testimony introduced, and that it would be unnecessary to put the parties to the expense of a new trial, and ordered that the case be remanded to the district court, with instructions that if within a reasonable time the sheriff's returns in the attachment cases should be amended, the judgment in this should be affirmed. The argument on the motion for a rehearing convinces us that the order is erroneous, and that the judgment should have been that of reversal, and remanded for a new trial. As to matters like this, this court is one solely of appellate and not original jurisdiction. We simply review what has been done by the trial court. If right, we affirm it; if wrong, we reverse. Doubtless we have a discretion in some respects, and a power beyond the mere order of affirmance or reversal. If the judgment does not conform to the findings, we may correct the judgment. A

defect in the pleadings or proceedings, which ought to have been corrected below by amendment, will be disregarded here, or considered as amended. So in some cases, if the judgment is excessive, we may direct an affirmance upon the filing of a *remittitur* as to the excess. Yet in these and all kindred cases we are limited to the record as it stands. We do not open the case to hear additional testimony as to any fact. We examine nothing not presented to the trial court. We review, not try. And whatever order we make is founded upon the pleadings, evidence and proceedings as presented and had in the court below. Now upon the record as it stood, we found that there was a fatal error, a defect in the proof, and that, not as to some collateral and comparatively unimportant matter, but as to the principal fact in controversy. What was needed was not an amendment, but further proof. There was nothing in this record to amend. The further proof was obtainable, it is true, by amendment, but it was by amendment of the records of other cases. And when introduced into this case it was simply testimony upon a controverted question which might be met by counter testimony. Our order practically shut off the defendants from such counter testimony, if any they have. This ought not to be done. Satisfied that we erred in making the order which we did, it is our duty to correct the error. The judgment heretofore entered in this court will be set aside, and the order will be entered that the judgment of the district court be reversed with costs, and the case remanded for a new trial.

Other questions are made by counsel in their motion for a rehearing. We have examined them all: we see nothing in the syllabus that was filed, which we think ought to be changed. The argument of counsel has caused us to doubt whether we were well advised in expressing in the opinion, as we did, a dissent from the case of *Sharp v. Baird*, 43 Cal. 577; and therefore we desire to withdraw such expression of dissent. We shall not attempt now definitely to decide the question, inasmuch as counsel for defendants in error failed to make any argument thereon, or present any further author-

ities. We simply leave the matter open for further consideration, if occasion shall require. As to all other matters in the opinion, we see nothing that demands any correction. We are satisfied with the conclusion reached upon the facts and law, except as above indicated, and think that if upon the new trial the returns on the writs of attachment are such as to vest jurisdiction, and no new facts appear, the judgment should be for the plaintiffs. As to amendments, see the case of *Rapp v. Kyle*, 26 Kas. 89.

All the Justices concurring.