IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,555

JOHN SCHUTT, as Agent for the Owner
J.E. SCHUTT & M.A. SCHUTT FAMILY TRUST,
*Appellee*,

v.

SHERRI FOSTER,
*Appellant,*

v.

JOHN SCHUTT and STUDIO 605-RENEW, LLC,
*Third-party Defendants.*

SYLLABUS BY THE COURT

1.

When appellants raise issues for the first time on appeal, Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires that they brief an exception to the preservation rule in their opening brief.

2.

Appellants may not invoke an exception to the general preservation rule for the first time in a reply brief.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 26, 2024. Appeal from Johnson District Court; JOHN MCENTEE, judge. Oral argument held May 13, 2025. Opinion filed July 25, 2025. Judgment of the Court of Appeals reversing the district court in part is reversed, and its opinion is vacated. Judgment of the district court is affirmed.

*Eric G. Kraft*, of Eric Kraft Law, P.A., of Prairie Village, argued the cause and was on the briefs for appellant.

*Jadh J. Kerr*, of Speer & Holliday, LLP, of Olathe, argued the cause and was on the briefs for appellees.

The opinion of the court was delivered by

WALL, J.: This matter arises from a substantive dispute between landlord and tenant. A district court awarded John Schutt $21,240 in late fees after Sherri Foster missed three $1,900 rent payments, and Foster appealed from this judgment. But the matter turns on a question of appellate procedure—issue preservation.

Foster argued for the first time on appeal that the late-fee provision in the lease was unconscionable. Issues not raised before the district court typically cannot be raised on appeal—a principle we often call the preservation rule. But we have recognized exceptions to this general rule. And the Court of Appeals panel relied on these exceptions to reach the merits and conclude that the late fees were unconscionable under the Residential Landlord and Tenant Act, K.S.A. 58-2540 et seq.

But our appellate rules establish a procedure that appellants must follow to properly invoke exceptions to the preservation rule. Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires appellants to identify these exceptions in their opening brief. The failure to do so precludes appellate review of unpreserved issues.

Foster failed to comply with this requirement. She first invoked exceptions to the preservation rule in her reply brief. Our rules foreclose this practice. And the panel erred by relying on Foster's preservation exceptions to reach the merits. We thus reverse the judgment of the Court of Appeals and vacate its opinion.

2

FACTS AND PROCEDURAL BACKGROUND

Schutt leased a residential property to Foster. Under the lease, Foster agreed to pay $1,900 per month in rent due on the first of the month, with a late charge of $20 per day for any rent paid after the due date. Foster also worked as a construction manager, and she agreed to perform construction services for Schutt on several of his properties.

Foster failed to pay her rent for July, August, and September 2020. In September 2020, Schutt filed a forcible detainer petition for rent and possession of the property. Schutt sought a judgment against Foster for $7,600 in unpaid rent and late fees plus "ongoing rent and fees which may accrue during the pendency of the action." Foster countersued Schutt for money he owed her for construction services.

Almost two-and-a-half years later, the district court held a bench trial and issued its judgment in May 2023. It found Foster owed Schutt $5,700 in unpaid rent. The district court also awarded Schutt late fees of $21,240. It calculated this amount by applying the $20-per-day late fee to the 1,062 days between Foster's first missed rent payment and the judgment date. The district court also found that Schutt owed Foster for construction work she had completed on Schutt's properties and for Schutt's failure to itemize damages or return Foster's security deposit. After offsetting the judgments, the district court ruled that Schutt owed Foster $544.98.

Foster appealed, challenging the district court's award of $21,240 in late fees on several grounds. First, she argued that Schutt did not specifically ask for that amount in his forcible detainer petition. Second, she claimed that the late fees were unconscionable. Finally, she believed that it was improper to impose late fees after she had invoiced Schutt for her construction work or after she had vacated the property.

3

Schutt argued that Foster's challenges to the late fees were not preserved for appellate review because she had not raised them before the district court. He added that Foster had violated Rule 6.02(a)(5) because she did not explain in her opening brief why the newly raised issues were properly before the Court of Appeals.

In her reply brief, Foster maintained that her arguments were properly before the Court of Appeals because exceptions to the preservation rule applied. A panel of the Court of Appeals reached the merits, relying on the preservation exceptions Foster asserted in her reply brief. *Schutt v. Foster*, No. 126,555, 2024 WL 3548641, at *2 (Kan. App. 2024) (unpublished opinion).

The panel held that Schutt's petition adequately requested ongoing rent and late fees. 2024 WL 3548641, at *3. But it held that the late fees were unconscionable under K.S.A. 58-2544(a). 2024 WL 3548641, at *4. It reasoned that the $20-per-day late fee became unconscionable when the district court assessed late fees after the date Foster had vacated the property. 2024 WL 3548641, at *4. The panel thus reversed and remanded to the district court. It instructed the district court to vacate late-fee amounts exceeding $2,460—the amount due for the 123 days between Foster's first missed rent payment and the date she vacated the property. 2024 WL 3548641, at *4. Finally, the panel held that Foster's remaining issues were rendered moot by the panel's unconscionability holding. 2024 WL 3548641, at *3.

Schutt moved for rehearing or modification. He argued that K.S.A. 58-2544(b) required the panel to remand the case for an evidentiary hearing before deciding whether the late fees were unconscionable. See K.S.A. 58-2544(b) (when the unconscionability of a rental agreement is put into issue, "the parties shall be afforded a reasonable opportunity to present evidence as to the setting, purpose and effect of the rental agreement . . . to aid the court in making the determination"). The Court of Appeals denied his motion.

We granted Schutt's petition for review. He raises four issues. First, Schutt argues that the panel erred by reaching the merits of Foster's unpreserved unconscionability claim. Second, he claims that the panel was required to remand for an evidentiary hearing before ruling on the unconscionability issue. Third, he contends that there was no evidence that the late-fee provision was unconscionable when made. Finally, he believes the panel erred by ruling that late fees cannot accrue after Foster vacated the property.

Foster did not cross-petition for review of the panel's adverse holdings on her other claims, so they are not properly before us. See Supreme Court Rule 8.03(i)(1) (2025 Kan. Sup. Ct. R. at 59) (issues subject to review include those issues which the petition or cross-petition allege were erroneously decided by the Court of Appeals or warrant review for other reasons).

We heard arguments from the parties on May 13, 2025. Jurisdiction is proper. K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

We need only address Schutt's first issue—whether the panel erred by reaching the merits of Foster's unconscionability issue—because it is dispositive of the appeal.

A.  *Standard of Review and Relevant Legal Framework*

When a panel of the Court of Appeals decides to address an unpreserved issue for the first time on appeal, we review that decision for an abuse of discretion. *In re A.S.*, 319

Kan. 396, 400, 555 P.3d 732 (2024). A court abuses its discretion when its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. 319 Kan. at 400.

Generally, appellate courts do not address issues raised for the first time on appeal. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). But an appellate court may consider a newly raised issue when certain recognized exceptions apply. 314 Kan. at 283. These exceptions include:

> "'(1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the trial court may be affirmed because it was right for the wrong reason.'" *In re N.E.*, 316 Kan. 391, 407-08, 516 P.3d 586 (2022).

Kansas Supreme Court Rules also require that appellants raising issues for the first time on appeal must explain why those issues are properly before the appellate court. See Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). In other words, appellants who rely on a preservation exception must invoke that exception and argue that it applies. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). An appellant who fails to do so is deemed to have waived and abandoned any exceptions to the preservation rule. *In re N.E.*, 316 Kan. at 408; *Godfrey*, 301 Kan. at 1044.

B. *The panel erred by relying on exceptions to the preservation rule that Foster failed to properly invoke under Rule 6.02(a)(5).*

In her reply brief, Foster argued that two preservation exceptions applied to her unconscionability issue. The panel agreed and reached the merits. *Schutt*, 2024 WL

6

3548641, at *2. Schutt now argues that the panel erred by reaching the merits because Foster failed to comply with Rule 6.02. We agree.

To understand why, we first interpret the relevant rules of appellate procedure to identify the requirements for properly invoking an exception to the preservation rule. Then, we apply the rules to the facts before us and conclude that the panel abused its discretion by reaching the merits of Foster's unconscionability issue.

1. *The rules require appellants to brief exceptions to the preservation rule in the opening brief.*

When appellants raise an issue for the first time on appeal, Rule 6.02(a)(5) requires them to brief an exception to the preservation rule in the opening brief. The failure to do so cannot be cured in the reply brief. This interpretation is supported by the plain language of Rule 6.02(a)(5). And it is reinforced when reading that provision together with other rules of appellate procedure.

Kansas Supreme Court Rule 6.01(b) (2025 Kan. S. Ct. R. at 35) identifies the types of briefs parties may file with the appellate courts on direct appeal and the schedule for filing those briefs. That rule authorizes parties to file: (1) an appellant's brief; (2) an appellee or appellee/cross-appellant's brief; a cross-appellee's brief; or an appellee/cross-appellee's brief; and (3) a reply brief.

Other rules govern the content of each type of brief. Relevant here, Rule 6.02(a) describes the required contents of the appellant's brief. Under that rule, the appellant's opening brief must cite to the record where an issue was raised and decided below or otherwise explain why the issue is properly before the appellate court:

7

"(a) Required Contents. An appellant's brief *must* contain the following:

. . . .

(5) The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. *If the issue was not raised below, there must be an explanation why the issue is properly before the court.*" (Emphases added.) Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 35).

Thus, under the plain language of the rule, if an appellant intends to invoke an exception to the preservation rule, that exception must be invoked in the appellant's opening brief.

Supreme Court Rule 6.05 governs the content of reply briefs. It specifies that the reply brief may address only new matters raised by an appellee:

"A reply brief may not be submitted unless made necessary by new material contained in the appellee's or cross-appellee's brief. A reply brief must include a specific reference to the new material being rebutted and may not include, except by reference, a statement, argument, or authority already included in a preceding brief." Rule 6.05 (2025 Kan. S. Ct. R. at 37).

Nothing in Rule 6.05 permits an appellant to invoke an exception to the preservation rule for the first time in a reply brief.

But what if the appellee's brief first raises preservation concerns about an appellant's issue, as happened here? One might argue that Rule 6.05 allows the appellant to invoke a preservation exception in the reply brief as "new material being rebutted" in the appellee's brief. But that reading of Rule 6.05 would directly undercut the plain

8

language in Rule 6.02(a)(5). That language explicitly requires the appellant to explain in the opening brief why an issue not raised below is properly before the appellate court. Reading these rules together, Rule 6.02(a)(5) requires appellants relying on a preservation exception to identify and brief that exception in their opening brief. Appellants may not invoke preservation exceptions for the first time in the reply brief.

We recognize that in prior decisions applying Rule 6.02(a)(5), the court mentioned that the appellants had failed to invoke any preservation exceptions in their opening or reply briefs. See *State v. Ochoa-Lara*, 312 Kan. 446, 448, 476 P.3d 791 (2020) ("'Ochoa-Lara chose not to submit a reply brief to respond to the State's preservation argument.'"); *Godfrey*, 301 Kan. at 1044 ("[A]fter the State raised a lack of preservation in its brief, Godfrey failed again to proffer any reason why this court should hear his claim in a reply brief."). But in these cases, the court was simply emphasizing that the appellants had utterly failed to explain why an unpreserved issue warranted review. It was not sanctioning the practice of first raising preservation exceptions in the reply brief.

Our conclusion that appellants must brief preservation exceptions in the opening brief should come as no surprise. For over a decade now, we have been clear that parties who fail to strictly comply with Rule 6.02(a)(5) do so at their own peril. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); see also *Godfrey*, 301 Kan. at 1043 ("We have recently reiterated [in *Williams*] that Rule 6.02[a][5] means what it says and is ignored at a litigant's own peril."). We require strict adherence for a good reason—Rule 6.02(a)(5) encourages sound appellate practices.

First, it ensures that the parties fully develop the basis for appellate review. "Appellate courts cannot be left to divine the preservation argument a party might assert or the reasons a party might believe preservation is not required." *Ochoa-Lara*, 312 Kan. at 449. Requiring appellants to brief preservation issues in their opening brief ensures that both parties fully develop those issues.

Second, the requirement promotes fairness. If a party waits until its reply brief to invoke an exception to the preservation rule, then the opposing party is left with no opportunity to respond. Our rules do not contemplate further briefing after an appellant's reply brief. See Rule 6.01(b).

> 2. *Foster failed to comply with Rule 6.02(a)(5) because she did not invoke any preservation exceptions until her reply brief.*

Foster's opening brief failed to conform with Rule 6.02(a)(5). She did not challenge the late-fee provision as unconscionable at the district court level. So Foster needed to brief an exception to the preservation rule in her opening brief. She did not. Foster waited until the reply brief to argue that preservation exceptions applied to this issue. This practice fails to comply with the rule.

Foster counters that she did comply with Rule 6.02(a)(5) in her opening brief. She offers two explanations. But neither persuades us that her brief complied with the rule.

First, Foster notes that her opening brief complied with the rule because it included a pinpoint cite to where the district court awarded Schutt $21,240 in late fees. See Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) ("Each issue must begin with . . . a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on."). But to comply with the rule, Foster needed to include pinpoint cites to the record showing where she raised the unconscionability challenge below and where the district court ruled on it. This did not happen because she did not raise the unconscionability issue below.

Second, Foster asserts that she could not have challenged the late-fee provision as unconscionable in district court because Schutt did not specifically request $21,240 in late fees and the district court did not award this amount until it entered the final judgment. The premise of Foster's argument is questionable. The panel held that Schutt's petition requested ongoing late fees, and Foster did not cross-appeal from this holding. But even if we accept the premise, Foster simply tries to explain why she waited until her appeal to raise the unconscionability challenge. This does not explain why the issue is properly before the appellate court as required by Rule 6.02(a)(5). See *Ochoa-Lara*, 312 Kan. at 449 ("A party fails to satisfy the requirements of Rule 6.02[a][5] by implicitly raising an argument as to why an issue is preserved.").

Foster's reliance on *Russell v. Treanor Investments*, 311 Kan. 675, 466 P.3d 481 (2020), does not alter this conclusion. In *Russell*, the appellant cited the record where the district court raised an issue on its own initiative and ruled on it. We held that the appellant complied with Rule 6.02(a)(5) because it requires only that the appellant cite to where the issue was raised and ruled on—it does not require the appellant to be the party that raised the issue. 311 Kan. at 682. But here, the district court neither raised nor ruled on the unconscionability issue. So *Russell* does not apply.

In sum, the panel abused its discretion by reaching the merits of Foster's unconscionability claim. Foster raised that claim for the first time on appeal. But she did not explain in her opening brief why the issue was properly before the Court of Appeals as required by Rule 6.02(a)(5). In failing to do so, Foster waived and abandoned any argument that an exception to the preservation rule applied to her issue. And she could not cure this deficiency in the reply brief. The panel's reliance on the preservation exceptions that Foster first raised in her reply is inconsistent with Rule 6.02(a)(5) and constitutes an error of law. Because the panel erred by reaching Foster's unconscionability claim, we need not consider Schutt's other claims of error.

Judgment of the Court of Appeals reversing the district court in part is reversed, and its opinion is vacated. Judgment of the district court is affirmed.

WILSON, J., not participating.