JOHN CORBY, ASSIGNEE, &c., Respondent, v. ELEXIUS BURNS et al., Appellants.

*Justices' Courts—Execution—Constable.*—A constable sued before a justice for failing to return an execution within the proper time, may, upon a proper case made, be allowed to amend his return so as to show that the execution was returned in time, although suit may have been commenced against himself and his securities.

*Appeal from Buchanan Court of Common Pleas.*

*W. Jones*, for appellants.

*Loan*, for respondent.

LOVELACE, Judge, delivered the opinion of the court.

This is an action against a constable and his securities for failing to return an execution within ninety days, according to its mandate. The record shows that on the second day of March, 1861, Corby obtained judgment against Thomas

Thoroughman before J. C. Robidoux, a justice of the peace for Buchanan county, and on the same day execution issued and was put into the hands of the defendant Burns, returnable within ninety days from the date. On the third of June, 1861, the execution was returned not satisfied, and this action is brought to charge the constable and his securities under the statute for the amount of the debt, and one hundred per cent. for not returning the writ within the ninety days. The action was brought before J. C. Robidoux, who tried the original suit; and, on the day this suit was tried, the defendant asked and obtained leave of the justice to amend his return on the execution, and showed by the affidavit of his deputy, who had the execution in charge, that it was in fact returned on the 29th day of May, 1861, instead of the 3d day of June; he was thereupon permitted to change the date of his return to the 29th of May, and upon the amended return the justice gave judgment for the defendants. The cause was then appealed to the Court of Common Pleas, which refused to permit the defendant to read his amended return, and gave judgment for the plaintiff, to reverse which the cause is brought to this court. The error complained of is the refusal of the court below to permit the defendant to read his amended return on the execution, upon the ground that the justice had no power to permit the return to be amended.

Courts are always liberal in permitting amendments of all pleadings and process that are before them, in order to promote the ends of justice. It is admitted by the respondent, that officers may amend their returns when third parties are interested, but cannot amend so as to exonerate themselves and their securities, and more particularly after suit has been instituted upon their breach of duty. We know of no absolute rule to this effect, unless a party has been misled by the return, and acted differently from what he would have acted had the return been otherwise. But when the return could have no such tendency, we can see no objections to a

court permitting an officer to amend it in accordance with the facts. And the only difference we can see between amending before proceedings are commenced and afterwards, is the inducement of the officer to make a false return; and the court before whom the application is made ought to scrutinize the application more closely on account of the interest of the officer. The court ought to be certain that the facts will justify the amendment offered to be made, and see that the amendment is made strictly in conformity with the facts. The only difference in amending his return to protect himself and amending it to protect third parties, is the officer's interest in making a false return; not that he affects an action depending on the return, for that is the case in almost every instance where it becomes necessary to amend a return at all. In the case of Blaisdell v. St. bt. Wm. Pope, (19 Mo. 157,) the return omitted to state that the officer had seized the boat. The statement in the return was necessary to give the court jurisdiction of the subject matter of the suit; and after judgment by default and a motion to set the same aside, and the officer had ceased to be the officer of the court, he was still permitted to come in and amend his return. (See also Gwynne on Sheriffs, 471.) The question of permitting an officer to amend his return after the writ has been filed, is a matter in the sound discretion of the court, and ought to be exercised with caution; but we fail to see in it sufficient cause for refusing to permit a return to be read that is so amended; especially, when it is remembered that the return is amended only as to its date, and on the affidavit of a disinterested party who was charged with the execution of the writ.

The other judges concurring, the cause will be reversed and remanded, to be tried in accordance with the views herein expressed.