| 84 | 477 |
| 101 | 629 |
| 84 | 477 |
| 103 | 46 |
| 84 | 477 |
| 50a | 365 |
| 84 | 477 |
| 63a | 544 |
| 84 | 477 |
| 139 | 270 |
| 84 | 477 |
| 159 | 316 |
| 84 | 477 |
| 87a | 176 |

THE BOATMEN'S SAVINGS BANK v. GREWE, *Appellant.*

1. **Deed of Trust**: ASSIGNEE OF NOTE. An assignment of a note secured by a deed of trust carries the security with it and the assignee stands in the place of the payee.

2. ————: SATISFACTION OF. Neither the trustee nor assignor can alone enter satisfaction of the mortgage debt.

3. ———: ASSIGNEE: TAX SUITS. The assignee is generally a necessary party to all proceedings affecting his security in order to be bound thereby, and actions to enforce a lien against the land conveyed by the deed of trust, are no exception to the rule.

4. **Sheriff's Return**: AMENDMENT OF. The court is authorized, upon a proper showing, to allow the sheriff to amend his return to the special execution in a suit to enforce a lien against land for taxes, so as to show a sale of the property to persons other than those disclosed by the original return, but to the same persons to whom the deeds had been made.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Hermann & Reyburn* for appellant.

*E. C. Elliott* for respondent.

BLACK, J.—This appeal was argued and submitted with the case of *Gitchell v. Kreidler*, *ante*, 472. The questions common to them both were considered in that case. The note secured by the deed of trust in this case, was assigned to the respondent more than one year before the tax suit was commenced. The trustee and the payees were made defendants but the respondent was not. It is well settled law that the assignment of the note carries the security. The assignee stands in the place of the payee. Neither the trustee nor the assignor can alone enter satisfaction of the mortgage debt. Generally the assignee is a necessary party to all proceedings affecting his security, in order to be bound thereby. No reason is perceived why there should be any exception made in this class of cases. He is no more affected by the tax suit judgment than the payee would have been, had there been no assignment and the payee had not been made a party to the suit.

The court in which that judgment was entered allowed the sheriff to amend his return to the special execution, so as to show a sale of the property to parties

other than those disclosed by the original return, but to the same persons to whom deeds had been made. It was entirely competent for the court, upon a proper showing, to allow the amendment to be made. It is no objection that the amendment was made after this suit was commenced. *Blaisdell v. Steamboat Wm. Pope*, 19 Mo. 158; *Corby v. Burns*, 36 Mo. 195; *Webster v. Blount*, 39 Mo. 500.

The judgment of the court of appeals is reversed and that of the circuit court is affirmed. All concur.