WILLIAM G. LORD, Appellant, v. JOHN G. SCHAM-LOEFFEL, Respondent.

Kansas City Court of Appeals, May 30, 1892.

1. **Principal and Agent:** EXTENT OF AUTHORITY: LIMITATION. Where nothing is intimated to the contrary, an agent who is authorized to transact all the principal's business of a particular kind possesses those powers which are commensurate with his undertaking, and which are usually and properly exercised by other agents under like circumstances; and third parties must inform themselves of this limitation, unless the principal has by word or conduct held out the agent as one upon whose authority such limitations are not imposed.

2.  **Mortgage**: SATISFACTION BY PAYEE: ASSIGNMENT. If a mortgagor knows that the payee in the note has assigned it, he should inform himself, when taking satisfaction from the payee, of the payee's authority to accept land in satisfaction; and if he deal with the payee as owner of the note, and conveyed land to him in payment of the note and takes a receipt against the note, such receipt is only *prima facie* evidence, subject to contradiction or explanation.

.3.  ———: ———: NULLITY: ASSIGNEE. The entry of satisfaction of a mortgage by one not a mortgagee or *cestui que trust* is a nullity, and ·a release of the mortgage debt by the payee, after assignment, is a fraud upon his assignee, and a mere nullity.

·4.  **Deed**: RECITALS: RECEIPTS. The effect of the recitals of a solemn deed, recognizing and affirming the existence and validity of a mortgage lien should not be overthrown and destroyed by a mere receipt.


*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.


AFFIRMED.


*E. A. Vinsonhaler*, for appellant.


(1) Defendant's answer sets out two payments. The first is by conveyance of the land by the maker of the note to Craig. This would raise the same question so elaborately considered at last term in the case of *Eddy v. Bartlett*, 49 Mo. App. 32; Mechem on Agency, sec. 454, *et seq.* It is well settled that, as against a party who has acquired no intermediate right upon the faith of a satisfaction of a first mortgage, courts of equity will restore the first mortgage, even after entry of satisfaction, for the protection of the assignee. *Christy v. Scott*, 31 Mo. App. 331, 337. Plaintiff's equity is prior in point of time and must be preferred. *Purdy v. Huntington*, 1 Am. Rep. 532, 534.

*W. W. Ramsay,* for respondent.

(1) The finding and decree in this case is right. This $600 note was fully paid off to Craig, who was the general agent of the Lords on April 1, 1886. *Kinman v. Knox, Knox v. Brown,* and *Sharp v. Knox,* 48 Mo. App. 169, all lately considered and decided by this court. (2) Payments made to an agent are good and obligatory upon the principal in all cases where the agent is authorized to receive payment, either by express authority, or by that resulting from usage or trade, or from the particular dealings between the parties. *Noble v. Nugent,* 89 Ill. 522; *Brooks v. Jameson,* 55 Mo. 505; *Hull v. Jones,* 69 Mo. 582; *Haughton v. Maurer,* 55 Mich. 363. (3) The facts are: Mr. Craig was thus acting and collecting for all of his principals; for Knox, as shown in cases cited; for Gilbert & Gay and for Bartlett, as shown in this transaction. When such a line of conduct is permitted in an agent, innocent parties should not be driven to suffer loss. *Rice v. Groffman,* 56 Mo. 434; *Matterson v. Blackman,* 46 Mich. 393; *Gibson v. Zeibig,* 24 Mo. App. 65.

SMITH, J.—This was a suit brought by the plaintiff against defendant to set aside and cancel an entry of satisfaction appearing on the margin of the record of a certain mortgage, executed by Oliver to Craig on two hundred and forty acres of land to secure a non-negotiable promissory note for $600. It appears from the evidence that Oliver had given three mortgages on his land; one to Bartlett for $1,400, another to Gilbert & Gay for $1,600, and still another to Craig for $600. Craig, before maturity, assigned and delivered his note to plaintiff's mother, to whom he was related by marriage. The undisputed evidence shows

that Craig had, for many years, acted as the agent for the Lords, who reside in Kentucky, in the transaction of their business in Missouri. It appears that Craig had, for eight or ten years, loaned and collected their money for them in Missouri. He exercised his own judgment in such matters, loaning to whom and on what security he saw proper; sending the notes taken to them; collecting the notes and interest thereon, and then notifying them of the fact when they would send him the notes. It seems, from the manner in which he transacted their business, that he was trusted to attend to all of it in Missouri. He managed it just as if it were his own, without question by them or either of them. He seems to have been the other self of each of them in such matters.

Plaintiff did not notify Oliver that the Craig note had been assigned to him. Oliver, by deed, conveyed the land to Craig, reciting in the deed that it was subject to the mortgages already mentioned. Craig testified that he gave Oliver a receipt against the notes. Afterwards he entered into an arrangement to sell the land to Horsely and Ditmore. A payment was made by them to him on the purchase price. Still later on, when it came to making the deed, Craig informed them that he needed $3,600 to pay off the mortgages on the land so that the title would be clear, and that instead of making their notes for the deferred payments of the purchase money to him, that they should make the same payable to Bartlett who had agreed to make a loan on the land for that amount. The notes were so made, and Craig, as agent for Bartlett, took the $3,600 mortgages from Horsely and Ditmore on the land to secure the same. The $1,400 and $1,600 mortgages were then released, but the $600 mortgage was not released on the record until two years later.

Craig testified that, out of the $3,600 received on the Horsely and Ditmore mortgages, he intended to pay plaintiff the $600. The defendant, Schamloeffel, in the fall of 1889, purchased of Horsely that part of the land which had been conveyed by Craig to him. Schamloeffel knew nothing of plaintiff's claim when he purchased from Horsely. The Craig referred to is the same individual whose fraud and dishonesty has been the unpleasant subject of review in a number of cases which have been brought here. It surpasses all understanding how one who has shown himself so knavish and unfaithful should have been so greatly trusted. In this case it is practically conceded that he was the general agent of the plaintiff, and as such was authorized to collect the Oliver note and satisfy the mortgage given to secure the same. The case is not to be distinguished in fact or principle from that of *Sharp v. Knox*, 48 Mo. App. 169, decided by us at the last term, and the ruling made in that case must dominate this.

When Craig took the deed from Oliver he did not in the capacity of record payee and mortgagee enter satisfaction on the margin of the record, for, if he had, a question would have arisen similar to that discussed in *Bartlett v. Eddy*, 49 Mo. App. 32, decided at the present term.

The recitals in the deed from Oliver to Craig conclusively show that the latter only required the former's equity of redemption in the land. The receipt or whatever the paper was which Craig gave Oliver was not shown in evidence, nor was its contents proved, and we cannot think that it should be held to have the effect to contradict or vary the legal effect of the terms of the recorded deed. The effect of the recitals of a solemn deed recognizing and affirming the ' existence and validity of a mortgage lien should not be overthrown and destroyed by a mere receipt, especially under cir-

cumstances like in the present case. There can be no contention that Craig was the universal agent of the plaintiff or that he possessed any power other than that of general agent in respect to loaning and collecting money for him. In Mechem on Agency, section 285, it is stated that it may not be universally presumed where nothing is intimated to the contrary, where an agent is authorized to transact all the principal business of a particular kind, that such an agent possesses those powers which are commensurate with his undertaking and which are usually and properly exercised by other agents under like circumstances. This implies limitation of power; of those limitations third persons must inform themselves, unless the principal has by his word or conduct held out the agent as one upon whose authority such limitations are not imposed.

If Oliver had notice of the assignment of the note to plaintiff when he conveyed his land to Craig, then it would have been the duty to have informed himself as to whether Craig was authorized to take the land in satisfaction of plaintiff's note, for such an act on the part of Craig as agent for plaintiff would manifestly have been beyond the powers which are usually and properly exercised by other like agents. But if he dealt with Craig as the owner of the note, and undertook to discharge it by conveying to him the land, the receipt given him by Craig would have been only *prima facie* evidence of payment subject to be contradicted or explained by the true owner of the note. *Chappell v. Allen*, 38 Mo. 213; *Joerdens v. Schrimpf*, 77 Mo. 383.

Craig was not the mortgagee or *cestui que trust* when this transaction between him and Oliver took place and he could not, under the statute, have entered satisfaction of the mortgage debt. Such an entry would have been a nullity. *Lee v. Clark*, 89 Mo. 203; *Boatman's Bank v. Grewe*, 84 Mo. 477. If Craig, after

an assignment to plaintiff, took a conveyance of the land from Oliver to himself and undertook to execute a receipt or release of the mortgage debt, such receipt or release of the mortgage debt would have been in fraud of his assignee, the plaintiff, and a mere nullity. *Rice v. McFarland,* 34 Mo. App. 404. In no view of the case that we are able to take can we hold the receipt a satisfaction of the mortgage. The deed on its face shows that it was not the intention of the parties to discharge the property of the lien of the mortgage on the land. Craig only acquired, under his conveyance from Oliver, the equity of redemption of the latter. Since the $600 note had been assigned to plaintiff before the conveyance of the equity of redemption, there could be no merger by reason of such conveyance. The attitude of Craig as to this mortgage was not different from what it was as to the other two mortgages. When Horsely and Ditmore purchased, they with Craig recognized the validity of all three of the mortgages. They paid Craig, who was agent of all the mortgagees the amount of the three mortgage debts. Craig, as was his duty, satisfied the same on the face of the record. The mere fact that the mortgage of plaintiff was satisfied at a latter date is of no consequence. If it was paid off it was Craig's duty as the agent of plaintiff to have entered satisfaction, and his delay did not relieve him or plaintiff of the performance of that duty. The defendant Schamloeffel stands in the shoes of Horsely of whom he purchased, and is entitled to a like measure of protection.

We can discover no errer in the finding and decree of the circuit court which must be affirmed. All concur.