D. S. FEE, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. Garnishment: SERVICE OF: JURISDICTION. In order that a court may have jurisdiction on garnishment proceedings, the officer must declare to the garnishee that he attaches in his hand the property and effects of the defendant; and, in case of a railroad corporation, the service must be had upon, and the declaration of attachment made to, the nearest station agent.

2. **Amendments:** WHEN FAVORED. Amendments are looked upon favorably by the courts when they attest an existing fact, the evidence of which has been inadvertently suppressed.

3. ———: OFFICER'S RETURN IN GARNISHMENT. In an action appealed from a justice of the peace when an officer's return in a garnishment proceeding before a justice of the peace is to be used in evidence, it is competent for the circuit court, and it should permit the officer, on proper application, to amend his return to conform to the facts, especially when the justice before whom the garnishment proceeding was had has permitted the amendment, and when it is admitted that proper service was in fact had upon the garnishee, though the return fails to disclose such fact.

*Appeal from the Jasper Circuit Court.*—HON. A. L. THOMAS, Special Judge.

REVERSED AND REMANDED (with directions).

*Wallace Pratt* and *Chas. W. Blair* for appellant.

(1) Upon the agreed statement of facts the judgment should have been for the defendant upon the amended return of the constable in the case of *Munson v. Fee*. (2) The court should have permitted the constable to amend his return, or the copy thereof, filed in this case upon the garnishment process in *Munson v. Fee*. (3) The court is not only authorized, but required, to permit amendments to returns of officers where they are shown to be necessary to establish the actual facts of such service, and in the interest of justice. Drake on Attachment, sec. 212; Wade on Attachment, sec. 363, p. 70; 22 Encyclopedia of Law, p. 200; *Brainard et al. v. Burton*, 5 Ver. 97, especially 100; *Norvell v. Porter*, 62 Mo. 312; *Berry v. Griffith*, 18 Am. Dec. 309; *Rapp v. Kyle*, 26 Kan. 89; *Wilkins v. Tourtelotte*, 28 Kan. 825; *Same v. Same*, 29 Kan. 513; *Same v. Same*, 42 Kan. 176; *Turner v. Railroad*, 78 Mo. 578; *Kitchen v. Reinsky et al.*, 42 Mo. 427; *Scruggs v. Scruggs*, 46 Mo. 271; *McClure v. Wells*, 46 Mo. 311;

*Transier v. Railroad*, 54 Mo. App. 265, note. *Blaisdel v. S. B. Pope*, 19 Mo. 159, 160, and cases cited; *Miles v. Davis & Taylor*, 19 Mo. 408; *State v. Rayburn*, 22 Mo. App. 303. (4) The facts having been agreed upon, and the inquiry being what is the law thereon, the appellate court will review the decision of the lower court, although no declarations of law were given or refused. *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Waddell v. Williams*, 50 Mo. 216; *Henry v. Bell*, 75 Mo. 194; *Moore v. Hutchinson*, 69 Mo. 429. (5) The agreed statement of facts occupies the footing of a special verdict and the court pronounces upon it as if the jury had found a verdict in that form. Hence, if there be any ambiguity, any omission of facts necessary to a recovery, any lack of clearness and certainty on material points, the judgment can not be allowed to stand. *Carr v. Lewis Coal Co.*, 96 Mo. 149, especially 155; *Gage v. Gates*, 62 Mo. 412; *Munford v. Wilson*, 15 Mo. 540; *Lecompte v. Walsh*, 9 Mo. 547.

*H. W. Currey* for respondent.

(1) Upon the agreed statement of facts the judgment was for the right party and should be affirmed, because: *First.* The return of the constable on the attachment writ in the *Munson–Fee case* fails to disclose that anything was attached in the hands of the defendant company, or that said attachment writ was served upon the nearest freight or station agent of the defendant company. This was no return such as shows jurisdiction over the subject-matter, but was a mere nullity, hence the court was not authorized to proceed to judgment. *Todd v. Railroad*, 33 Mo. App. 110; *Dunn v. Railroad*, 45 Mo. App. 29, at pp. 34, 35. And the failure of the officer to show by his return on attachment writ that he had attached money and effects

in the hands of garnishee was not aided by his return on the notice of garnishment. *Todd v. Railroad*, 33 Mo. App. 112, 113. *Second.* Because the agreed statement of facts concedes the amount due plaintiff to be $37.50, and said agreed statement does not show any consent of the parties in the *Munson–Fee case* permitting amendment of constable's return in justice court, and all amendments in justice's court after judgment are void, unless made by consent of parties. *Norton v. Porter*, 63 Mo. 345. But even had the parties agreed that the amendment might be made, in this case the act of the justice ordering the constable to amend returns was *coram non judice* and void, because parties by agreement can not give jurisdiction over the subject-matter. (2) The trial court did not err in refusing to allow the constable to amend his return on attachment writ and notice of garnishment in *Munson–Fee case.* Drake on Attachment [6 Ed.], sec. 451 C and 451 D, 452; *Norvell v. Porter*, 62 Mo. 309; *State v. Rayburn*, 22 Mo. App. 303; *Maulsby v. Farr*, 3 Mo. s. p. 439; *Masterson v. Railroad*, 20 Mo. App. 653; *Epstein v. Salorgne*, 6 Mo. App. 353; *Werries v. Railroad*, 19 Mo. App. 398; *Robinson v. Walker*, 45 Mo. 117; *McQuoid v. Lamb*, 19 Mo. App. 153, 156; *Brecht v. Corby*, 7 Mo. App. 300; *Todd v. Railroad*, 33 Mo. App. 110.

ELLISON, J.—This action was begun before a justice of the peace where plaintiff had judgment. On appeal to the circuit court plaintiff again had judgment.

Defendant concedes that it owes plaintiff $5.40, which was duly tendered and deposited in court. To the balance claimed there is the defense that defendant was indebted to plaintiff in that sum, but that it was summoned as garnishee in a case arising in a justice's court, wherein one Munson was plaintiff, and the plain-

tiff here was defendant. That it paid said balance on this garnishment after proper proceeding in said justice's court. The disposition of this case is made to turn altogether upon the validity of the garnishment proceedings. The plaintiff here says they were void, and afford no protection to defendant in paying the same in the Munson suit. The defect consists in the constable who served the attachment writ and the notice of garnishment, having failed to state in his return that he had made the service by serving the *nearest station agent* of defendant, and that he attached the moneys in his hands, such being the mode of legal service prescribed by statute. The fact was that the constable made the proper legal service, the only trouble arising in his failure to make a proper return.

After this case was instituted, the justice before whom the garnishment proceedings were had, made an order permitting the constable to file an amended return; which he did, showing a legal service. When this case reached the circuit court application was made for the permission of that court for the constable to make an amended return, showing proper service. This was refused, and judgment given for plaintiff as before stated.

Plaintiff relies upon cases which have arisen in the different appellate courts of the state, wherein it is decided that on a garnishment proceeding the officer must declare to the garnishee that he attaches in his hands the property and effects of the defendant. And, in case of a railway corporation, that the service must be had upon, and the declaration of attachment made to, the nearest station agent, in order that the court may have jurisdiction. *Norvell v. Porter*, 62 Mo. 309; *Norton v. Porter*, 63 Mo. 345; *Haley v. Railroad*, 80 Mo. 112; *Gates v. Tresten*, 89 Mo. 13; *Dunn v. Railroad*, 45 Mo. App. 29; *Todd v. Railroad*, 33 Mo. App. 110.

This case presents a different question, for here it is admitted that proper service was, in fact, had of the attachment writ and of the garnishment summons, though the return of the officer did not disclose a proper service.  The question made by this case is whether the officer should be permitted to amend his return so as to make it conform to the fact.  Since possibly some embarrassment might arise in permitting a justice to allow an amendment after judgment day, without consent of parties, as was suggested by Hough, J., in *Norton v. Porter, supra,* we have considered this case on its facts; that is, that the amendment was made before the justice *and* was asked to be made under the supervision of the circuit court after the present case reached the latter court.  On these facts we are of the opinion that the amendment should have been allowed by the circuit court.  In some cases pertaining to this question the ruling is that the amendment must be made upon the order of the court in which the original proceedings were had.  While in others amendment is permitted by the court in which the then present litigation is pending.  But we need not take upon ourselves the unnecessary burden of choosing between these, since here, as we have shown, the case covers both views.  But that amendments are looked upon favorably by the courts where they attest an existing fact, the evidence of which has been inadvertently suppressed, is abundantly supported.  Drake on Attachment, sec. 212; Wade on Attachment, sec. 363, p. 70; 22 Encyclopedia of Law, p. 200; *Brainard v. Burton,* 5 Vermont, 97; *Rapp v. Kyle,* 26 Kan. 89; *Wilkins v. Tourtelotte,* 28 Kan. 825; 29 Kan. 513; 42 Kan. 176; *Turner v. Railroad,* 78 Mo. 578; *Kitchen v. Reinsky,* 42 Mo. 427; *Scruggs v. Scruggs,* 46 Mo. 271; *McClure v. Wells,* 46 Mo. 311; *Transier v. Railroad,* 54 Mo. 189; *Blaisdel v. Pope,* 19 Mo. 157, and

cases cited; *Miles v. Davis & Taylor,* 19 Mo. 408.

In *Turner v. Railroad, supra,* Judge HENRY said: "The justice had jurisdiction of the cause if the writ was, in fact, properly served upon the defendant, whether the return of service made by the officer was defective or not. The service in this case was sufficient, and the return only was defective in not stating correctly the manner of service, and no error was committed by the circuit court in permitting the amendment." That was said of a case yet pending and on appeal, but it is not without its application to the case before us. So in *Wilkins v. Tourtelotte,* Judge BREWER said that: "This return in no manner discloses by whom the acts stated in it were in fact done—whether by the sheriff, or the plaintiff's attorney, or an entire stranger to the court or the case. Now without the signature of an officer, is it evidence that anything in fact was done? Counsel argue that because the statutes of some states explicitly require that the return be signed by the officer, while ours do not, the failure to attach such signature is an immaterial omission. We can not concur with this argument, because we think the signature is inherently an essential part of the return. See the following authorities as throwing some light on this question: *Barnett v. Vineyard,* 34 Mo. 216; *Ditch v. Edwards,* 1 Scam. 127; *Joyce v. Joyce,* 5 Cal. 449. Nevertheless, the defect is one which is amendable. It is something that does not affect the fact of service, but simply the evidence of it. And generally amendments are permissible when they simply run to perfecting the proof of service which was in fact made. (*Kirkwood v. Reedy,* 10 Kan. 453.) But still the amendment is one which should be made. As the record stands, it fails to show service. We may not presume that service was in fact made; the record should show it. The return may be amended, but

until amended we can not presume that the facts were done and by the proper officer."

Since the agreed statement of facts shows that judgment should have been entered for defendant, at least upon the amendments being made in the circuit court as offered, we will reverse the judgment and remand the cause with directions that upon the amendments being made, judgment be entered for defendant. All concur.