CASSIDY BROTHERS COMMISSION COMPANY, Appellant, v. D. P. ESTEP, Defendant; J. D. SQUIBB, Garnishee, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. **Offices and Officers:** RETURN OF CONSTABLE: AMENDMENT. The return of an officer may be amended so as to conform to the fact; and such amendment is permitted after the suit sought to be affected thereby has been begun and even at the trial after an elapse of thirteen months from the original return.

2. ———: ———: ———. The amendment of a return of the constable may be made in the justice's court, although the proceeding affected by such amendment is pending in the circuit court of another county; and this, too, notwithstanding section 6225, Revised Statutes, 1889.

3. **Trial Practice:** SUBMISSION: REOPENING TO ADMIT EVIDENCE. After submission of the case to the court, the garnishee asked to have it opened to admit the amended returns of the constable in the justice's court. On the objection of the plaintiff, the court offered a continuance to the next term which the plaintiff refused. Thereupon, the court received in evidence the amended return. *Held*, not an abuse of the court's discretion.

4. **Justice's Courts:** GARNISHMENT: GENERAL JUDGMENT. On personal service the garnishee paid over the money to the constable and the justice rendered a general judgment against him. *Held*, correct.

5. ———: JUDGMENT ON ATTACHMENT: WHAT IS: GARNISHMENT. Where a garnishment proceeding before a justice was bottomed on an attachment, there should be a judgment sustaining the attachment to make the garnishment effective. The justice's judgment in this case, which is set out in the opinion, is held sufficient-in view of the liberality extended to proceedings before justices of the peace.

6. Offices and Officers: RETURN: AMENDMENT. The returns of an officer, when amended, will not be permitted to affect intervening rights of third parties.

7. ———: ———: ———: GARNISHMENT. In a garnishment proceeding, the right of the plaintiff against the garnishee is derived through the defendant; and the plaintiff is bound by an amendment which would bind the defendant in a suit by him against the garnishee.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED AND REMANDED.

*Ben T. Hardin* for appellants.

(1) The court below erred in admitting in evidence the original returns of the constable, as they are absolutely void. They show no declaration to the garnishee that anything was attached in his hands, and no judgment is entered against garnishee nor on the attachment. *Smith v. Railroad,* 49 Mo. App. 54; *Johnson v. Watson,* 57 Mo. App. 629; *Gates v. Tusten,* 89 Mo. 13; *Haley v. Railroad,* 80 Mo. 112; *Fletcher v. Wear,* 81 Mo. 524; *Norvell v. Porter,* 62 Mo. 309; *Fee v. Railroad,* 58 Mo. App. 90; *Dunn v. Railroad,* 45 Mo. App. 29; *Todd v. Railroad,* 33 Mo. App. 110; *Connor v. Pope,* 18 Mo. App. 86; *Swallow v. Duncan,* 18 Mo. App. 622; *Epstein v. Salorgne,* 6 Mo. App. 352; *Brecht v. Corby,* 7 Mo. App. 300; *Werries v. Railroad,* 19 Mo. App. 398. (2) The court below erred in reopening the case eight days after it was tried and submitted, and admitting in evidence the second set of returns of the constable in Greene county, which were made thirteen

months after all proceedings were had in the justice's court, and without authority from the circuit court. The justice and constable had no authority to make any change in the record. *Christal v. Craig*, 80 Mo. 367; *McQuoid v. Lamb*, 19 Mo. App. 153; *Smith v. Chapman*, 71 Mo. 217; *Norton v. Porter*, 63 Mo. 345; *Thomas v. Moore*, 46 Mo. App. 22; *Brecht v. Corby, supra*; *Horton v. Railroad*, 21 Mo. App. 147; *Corrigan v. Morris*, 43 Mo. App. 456. (3) Amendments made by justices of the peace and constables are void, if made after judgment, unless made under the superintending control and by order of the circuit court. *Norton v. Porter, supra; Smith v. Chapman, supra; Thomas v. Moore, supra; Todd v. Railroad, supra; Dunn v. Railroad, supra.* (4) We submit that the last "returns" offered in evidence are not sufficient in law, as they do not specify any amount as having been attached in the hands of the garnishee. *Dunn v. Railroad*, 45 Mo. App. 34.

*Karnes, Holmes & Krauthoff* for respondent.

(1) The circuit court did not err in permitting the garnishee to introduce the amended returns of the constable in evidence. The reopening of a case for the purpose of introducing additional evidence is within the sound discretion of the trial court. *State v. Baker*, 36 Mo. App. 58, 61; *Tierney v. Spiva*, 76 Mo. 279, 280. To reverse a judgment of the circuit court an error must have been committed "materially affecting the merits of the action." R. S. 1889 sec. 2303. (2) There can be no doubt but that the amended return was properly admitted in evidence, and that it is conclusive. R. S. 1889, sec. 2111; *Stewart v. Stringer*, 45 Mo. 113, 115; *McClure v. Wells*, 46 Mo. 311, 314; *Transier v. Railroad*, 54 Mo. 189, 190; *Boulware v.*

*Railroad*, 79 Mo. 494, 495. (3) Personal service having been made on the defendant in the attachment suit a general judgment was rendered by the justice against him, and this was the only judgment which could properly be rendered. R. S. 1889, sec. 578; *Kritzer v. Smith*, 21 Mo. 296, 302; *Audenreid v. Hull*, 45 Mo. App. 202, 205; *Agricultural Ass'n v. Railroad*, 45 Mo. App. 90; R. S. 1889, secs. 556, 560, 604.

ELLISON, J.—Plaintiff obtained judgment against defendant in the circuit court of Jackson county, in 1893. In 1894, he had execution issued on such judgment, and directed to the sheriff of Greene county. The said sheriff duly summoned the garnishee herein. This garnishee appeared in due course in the circuit court of Jackson county, and to the interrogatories filed by plaintiff, answered that he owed the defendant nothing. Plaintiff denied the answer and set up, affirmatively, certain alleged matters of indebtedness of garnishee to the defendant. The garnishee filed a reply to this in which he set up that whatever indebtedness of his to defendant may have existed growing out of the matters stated in plaintiff's denial, was liquidated by his paying into court, on three separate garnishments had before a justice of the peace in Greene county. The plaintiff contended below and here contends that the garnishment proceedings before the justice in Greene county were so defective as not to afford the garnishee protection on his payment of the money there, as aforesaid. The validity of the proceedings in the matter of the garnishment in Greene county is the question for determination here. The judgment below was for the garnishee. It is conceded that the garnishee proceedings before the justice in Greene county were defective in that the return of the service of the attachment and summons of garnishment,

as made by the constable, were so defective as not to give jurisdiction to the justice in the garnishment proceedings.

After the garnishment proceedings in this case were begun, which was some thirteen months after garnishment in Greene county, the justice before whom the latter proceedings were had permitted the constable to so amend his returns as to make them conform to the fact and thus to show a proper service and proper returns. These amended returns were admitted in evidence by the trial court over the objection of the plaintiff.

That an amendment of a return may be made by an officer, so as to make it conform to the fact, is quite well settled. *Fee v. Railroad*, 58 Mo. App. 90; *Corby v. Burns*, 36 Mo. 194; *Boatman v. Grewe*, 84 Mo. 477; *Stewart v. Stringer*, 45 Mo. 113; *McClure v. Wells*, 46 Mo. 311. It is no objection that the amendment is permitted after the suit which the amendment is sought to affect, has been begun. *Fee v. Railroad*, and *Corby v. Burns*, *supra*. Nor is it any objection that the amendment is made during the trial of such suit. Nor that the amendment was permitted thirteen months after the original returns were made. Nor, where jurisdiction of the court, in fact, exists, will it be an objection that no jurisdiction appeared except by amendment.

But plaintiff contends that if an amendment can properly be made, yet the proceeding here being before the circuit court of Jackson county, the amendment could not be authorized or permitted by the justice of the peace in Greene county. In the statute, section 6225, Revised Statutes, 1889, relating to justices of the peace, it is provided that the justice may, in open court, amend on motion of either party, any summons, writ, or other proceeding. The amendment here was

made at the instance of this garnishee, who was also the garnishee in the proceeding before the justice in Greene county. And these amendments have been permitted in justices' courts, apparently, without reference to the statute aforesaid, but simply from the inclination of the courts to subserve the ends of justice. See cases of *Corby v. Burns,* 36 Mo. 194, and *Fee v. Railroad,* 58 Mo. App. 90. These amendments have been permitted in the circuit court on appeal, on the ground that they could have been permitted in the justice's court. *Transier v. Railroad,* 54 Mo. 189; *Boulware v. Railroad,* 79 Mo. 494. Our opinion, therefore, is, that the amendment could be made, under the supervision and with the permission and authority of the justice's court in Greene county, in which the records and proceeding remained.

I. The plaintiff complains of the action of the trial court in the following: The court, without a jury, heard the case, without the amended returns being in evidence. The evidence was closed, but no decision made. A few days thereafter garnishee asked to have the case opened for the purpose of introducing the amended returns. The court intimated that it would do so. The plaintiff thereupon objected; when the court stated that if plaintiff desired, the cause would be continued on account of offering the amended returns. Plaintiff stated that he did not desire it continued. Thereupon the court received in evidence the amended returns. We do not feel justified in holding this to be an abuse of the court's discretion.

The garnishee before the justice in Greene county paid over to the constable the amount of his indebtedness to defendant, as it is provided he may do by section 5252, Revised Statutes, 1889. There was personal service on the defendant in that case and a general

judgment was rendered against him.    Rendering a general judgment was proper.    Secs. 556, 560, 604, R. S. 1889.

II.    But plaintiff asserts that there was no judgment on the attachment.    Since the garnishment proceeding before the justice was bottomed on an attachment sued out by the plaintiff in that case, it should appear that the attachment was sustained in the justice's court, in order that the garnishment might remain effective and afford a protection to the garnishee.    But we have concluded the record of the justice in Greene county shows it was, not in as direct and plain terms as it should, yet sufficiently.    The record shows a proper attachment proceeding; and, as before stated, personal service on the defendant therein.    The judgment is then rendered in the following terms:

"And now on this twenty-fifth day of April, 1893, this cause coming on to be heard, and the defendant being called, comes not, but makes default, and the plaintiff having made proof of his complaint to the satisfaction of the justice, the justice finds for the plaintiff.

"It is therefore considered, ordered, and adjudged by the justice that the plaintiff have and recover, of and from the defendant, D. P. Estep, the sum of $194.19 for his debt, and his costs expended at $7.25. It is also ordered by the justice that the garnishee, Joe Squibb, pay to the plaintiff, E. E. Hendrix, the sum of $201.45, this being money attached in the said garnishee's hands.

"J. J. GILLILAND, J. P."

Considering the judgment in its entirety, in view of the liberality extended to proceedings before justices of the peace, we are constrained to hold that it sufficiently appears that judgment was rendered sustaining the attachment.    We shall therefore affirm the judg-

ment. But, as there is a claim by the garnishee for expenses and fees, we will remand the cause to the circuit court with directions that, on an issue being made as to all legal charges of the garnishee, such charges be ascertained as provided by law on any other like issue, the parties, unless a waiver is entered, being entitled to a jury. *Briggs v. Railroad*, 111 Mo. 168. All concur.

### ON REHEARING.

ELLISON, J.—A rehearing was granted in this case mainly on two grounds, one of which has been taken out of the case by stipulation of parties as to some facts which had been omitted from the bill of exceptions. The other ground was this: that though the garnishment proceedings before the justice of the peace in Greene county could be amended as between the parties to those proceedings, could they be amended to the prejudice of this plaintiff, who had perfected his garnishment of the garnishee, *before* the amendments were made and while the proceedings in Greene county were in their illegal condition. It is familiar law that, generally, when amendments are authorized, they will not, when made, be permitted to affect intervening rights of third parties. *Phillips v. Holland*, 78 N. C. 31; *Henderson v. Graham*, 84 N. C. 496.

This rule can have no application to the case at bar, from the following consideration: any right which this plaintiff can have against the garnishee is a derivative right. It is derived through the defendant. If the garnishee does not owe the defendant, he can not be made to owe him at the suit of the plaintiff. This plaintiff, deriving his right against the garnishee through the defendant, can be met with the same defense which the garnishee could have made, had he been sued by the defendant. *Jewell Pure Water Co. v. Harkness*, 49 Mo. App. 357; *Zittlosen v. Bank*, 57 Mo.

App. 19; *McQuarry v. Geyer*, 57 Mo. App. 213. It must undoubtedly be conceded that if the defendant Estep had sued this garnishee, he could not have succeeded against the defense of garnishment under the proceedings before the justice in Greene county. Those proceedings were not void—they only *appeared* to be without the jurisdiction of the justice from the circumstance that the constable had omitted to state a fact in his return which he should have stated. That they could have been amended in a suit by defendant against this garnishee, in accordance with the facts actually existing, though omitted to be shown, is well established. *Turner v. Railroad*, 78 Mo. 578; *Todd v. Railroad*, 33 Mo. App. 112; *Fee v. Railroad*, 58 Mo. App. 90; *Forman v. Custer*, 9 Kan. 674.

We think the foregoing view disposes of the plaintiff's case by taking it from under the rule usually applied to amendments when third parties intervene. We will therefore affirm the judgment and remand the cause, with the directions as to expenses of garnishee contained in the original opinion. All concur.