## MARTIN v. CASTLE et al., Appellants.

### Division Two, May 31, 1904.

1. **BILL OF EXCEPTIONS: Filing: Identification.** The court record recites: "And now again come the defendants and present a bill of exceptions, which being found to be correct, is allowed, signed, sealed and ordered to be filed and made a part of the record, and said bill is now here filed." *Held*. that this of itself is sufficient to identify the bill and show that it was duly filed. But in addition the original bill, which upon order was transmitted to this court, was signed by the trial judge, and bears upon its cover these endorsements: "Martin v. Castle et al. Bill of Exceptions. Filed Nov. 21, 1901." *Held*, that there can be no question as to its authentication or identification.

2. ———: **Abstract: Matters Set Out in Substance: Calls in Skeleton Bill.** Where in the skeleton bill of exceptions calls are inserted requesting the clerk to there insert documents called for,

Martin v. Castle.

it is the duty of the clerk to insert such documents in the complete transcript when the case is taken to the appellate court by the complete transcript method. But where, under sec. 813, R. S. 1899, instead of a complete transcript the appellant files in the appellate court a printed abstract in lieu thereof, nothing more is required than the substance of the various entries, and the recitals in that abstract are taken to be conclusively true unless challenged by a counter abstract filed by respondent. But in case he is dissatisfied with appellant's abstract, he can file an abstract on his part, and if either respondent or appellant does not concur with the abstracts as thus made up, either may file his objection thereto in writing with the clerk, and thereupon the clerk of the appellate court will forthwith issue an official order to the clerk of the trial court commanding him to send to the appellate court a certified transcript of that part of the record in dispute.

3. **JUSTICE COURT:** Adjoining Townships: Return. Where the township in which the suit is brought and that in which defendant resides are adjoining, the justice obtains jurisdiction of the case, if the writ is properly served, whether the constable's return shows the two townships were adjoining or not.

4. ———: Return: Amendment. In furtherance of the ends of justice the magistrate has authority, after a transcript of the judgment has been filed with the clerk of the circuit court and execution issued thereon and the land sold, to permit the constable to amend his return so as to make it conform with the actual fact. Nor is it any objection to such amendment that it is made after the suit which it sought to affect has been begun, or even during the trial.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*Booher & Williams, Elizur S. Castle, Charles L. Simmons* and *Vinton Pike* for appellants.

(1) The case admits that the justice of Nodaway township had jurisdiction of the suits against plaintiff, as that township adjoined the one in which plaintiff resided. The fact that the summons (directed to the Nodaway constable) was served in Rochester township sig-

nifies nothing.    The summons could have been directed
to the constable of Nodaway or of Rochester, and served
in any township of the county.    Friar v. McGuire, 70
Mo. App. 586; R. S. 1889, sec. 2380.    It was sufficient
that the service was had in Andrew county and the
return shows that it was. 8 Bac. Abridg., 351; Huhn v.
Lang, 122 Mo. 600; R. S. 1889, secs. 6125, 6145, 6146;
Ins. Co. v. Reisinger, 43 Mo. App. 571.    (2)    It is not
required that the docket of the justice or the papers in
the case should show the residence of the parties.    R. S.
1899, sec. 6131.    The docket of a justice is evidence only
of such matter as he is required by law to place there.
Brown v. Pearson, 8 Mo. 160; Palmer v. Hunter, Idem,
512; State v. Carroll, 9 Mo. App. 277.    Any other fact
essential to jurisdiction may be established by evidence
*aliunde*.    Levy v. Ferguson, 61 Ark. 317; Visart v.
Bush, 46 Ark. 153; Jolley v. Foltz, 34 Cal. 321; Karnes
v. Alexander, 92 Mo. 660; Harris v. Hunt, 97 Mo. 571.
(3)    It was the opinion of the court below that the
docket and files of the justice should affirmatively show
residence and that the townships adjoined.    Section
6131 enumerates but nine facts which the justice is re-
quired to state in his docket, and the residence of the
parties is not one of them.    The fact of residence must
exist, but proof of it is not required to be made by
record, or any particular character of evidence.    (4)
Justices' courts are not courts of record, and the validity
of their judgments can not be tried by the technical
rules applied to courts of record, superior or inferior.
They are "popular tribunals" and "it would defeat the
end of their organization· if the rules of practice and
pleading found necessary in courts of record were ap-
plied to their proceedings."    Iba v. Railroad, 45 Mo.
472; R. S. 1899, sec. 4031.    It will be presumed that the
justice certifying or producing a docket is the proper
custodian of it (9 Mo. App. 275); an ambiguous entry
in his docket will be construed in favor of his jurisdic-
tion (71 Mo. 398); and as to matter within his general

jurisdiction the same presumption obtains as in respect to courts of record (117 Mo. 109 and 149). His jurisdiction is coextensive with his county (R. S. 1889, sec. 6125), which means that his process runs to the whole county (22 Mo. App. 112). The statute does not require him to record the fact which occasions the exercise of his power. It would be no evidence of the fact if he did record it. A recital of the fact would not conclude either party or prove anything. (5) If the original return of the constable had stated the facts set out in his amended return, plaintiff would be satisfied. If the return was lawfully amended plaintiff is concluded on this point. The court below treated the amended return as null and refused to declare that the justice had power and jurisdiction to allow it. The amendment was properly allowed. Kidd v. Dougherty, 59 Mich. 243; Fee v. Railroad, 58 Mo. App. 90; Com. Co. v. Estep, 63 Mo. App. 540. (6) It is settled beyond controversy that a sale will not be set aside for inadequacy of price unless it be so gross as to shock the conscience, or unless there be additional circumstances which would make it inequitable to allow the sale to stand. Keith v. Browning, 139 Mo. 196; Harlin v. Nation, 126 Mo. 102; Hardwick v. Hamilton, 121 Mo. 475; Walters v. Herman, 99 Mo. 532.

*Dickson & Dickson, W. G. Hine, Chas. C. Crow* and *Eastin & Eastin* for respondent.

(1) Even if appellants were permitted to direct the clerk to copy documentary evidence in the bill of exceptions, after it had been signed and filed, yet, in this case the record, as shown by the additional abstract, does not show that any of the documents were received in evidence. Stone v. Baer, 82 Mo. App. 339; McNeil v. Ins. Co., 30 Mo. App. 307; Martin v. Nichols' Est., 63 Mo. App. 342. (2) The bill of exceptions is not properly authenticated or identified. Reno v. Fitz Jarrell,

163 Mo. 411. (3) Conceding for the purpose of argument that the case is before the court on its merits, still the judgment must be affirmed because the court found that the price paid for the land at the sheriff's sale was so inadequate as to justify the interference of a court of equity. Davis v. McCann, 143 Mo. 172; Durfee v. Moran, 57 Mo. 374; Railroad v. Brown, 43 Mo. 294; Phillips v. Stewart, 59 Mo. 491. (4) Conceding the record to be before the court, the sheriff's deed was void: (a) Because the constable's returns on the summons do not show service on the defendant. (b) Because the returns fail to show that the defendant was a resident of the township, in which the suits were brought, or an adjoining township. (c) Because the whole record fails to show jurisdiction over the person of the defendant, or the subject-matter of the action. 12 Am. and Eng. Ency. of Law (1 Ed.), 148; 12 Am. and Eng. Ency. of Pleading and Practice, 669-72; Bank v. Doak, 75 Mo. App. 332; Electric Co. v. Corby, 61 Mo. App. 630; Corrigan v. Morris, 43 Mo. App. 456; Jones v. Railroad, 52 Mo. App. 381; McQuid v. Lamb, 19 Mo. App. 153; Hessey v. Heitcamp, 9 Mo. App. 36; Olin v. Zergler, 46 Mo. App. 193; Haggard v. Railroad, 63 Mo. 302; Williams v. Browning, 45 Mo. 475; Rollins v. Railroad, 89 Mo. 180.

BURGESS, J.—This is a suit by plaintiff against the heirs of his deceased wife, Mary E. Martin, who was seized during her coverture with plaintiff of an interest in the lands described in the petition, which were partitioned after her death and one hundred and forty-eight and one-half acres of land involved in this litigation, and other lands, were allotted to her heirs, but as to all other lands except said one hundred and forty-eight and one-half acres, plaintiff disclaimed any interest therein at the trial.

The plaintiff and his wife Mary during their coverture borrowed large sums of money and executed their

notes to secure its payment.    Several of these notes were unpaid at the time of her death on June 5, 1887.

These notes were assigned to E. S. Castle, Charles F. Booher and Isaac R. Williams, who obtained three several judgments upon them against plaintiff before a justice of the peace of Nodaway township in Andrew county.   Executions were issued by the justice and *nulla bona* returns made, transcripts were filed in the office of the clerk of the circuit court, executions issued thereon, and all the right, title and interest of plaintiff in said lands, including the one hundred and forty-eight and one-half acres in suit, sold and purchased by Lydia V. Castle, Martha Carron, Phillip N. Brown, Asa Roy Martin and Samuel F. Brown, and a deed in due form of law was made to said purchasers by the sheriff.    The grantees in the sheriff's deed are in possession of the lands through their tenant.

The purpose of this suit is to recover possession of the land, claiming an estate by curtesy therein; the cause was tried upon his third amended petition. The petition contains two counts.   In the first count he says that his notes were purchased by Castle and Booher and Williams nominally and for the use and benefit of the defendants who purchased at the execution sale. That in order to prevent bidding they represented that the plaintiff had no interest in the lands to be sold; that the notes were given for debts of Mary E. Martin and the money used to improve her land, and that by the means above stated they did prevent bidding at the sale of said lands and caused the same to be sacrificed.

It is also alleged that the defendants caused an execution on another judgment obtained by them against plaintiff to be levied on these lands and the lands advertised for sale, whereby it is claimed defendants are estopped to claim any title under the former execution sales.

In the second count it is alleged that the three judgments obtained before the justice of the peace were void

because suits were not brought in a township in which plaintiff resided, but were brought in Nodaway township and service of process had in Rochester township, and it nowhere appears in the record that Nodaway and Rochester townships adjoined. It also alleges that Booher, Castle and Williams were not the real parties in interest in said judgment, but that they were agents and attorneys of the defendants and were acting for them in obtaining said judgments and in the execution thereon.

The answer admits the marriage of Mary E. Martin, the birth of issue, that Williams is the curator of Asa Roy Martin, and that Booher, Williams and Castle obtained judgments against the plaintiff, and under them had the land in suit levied upon and sold, and the sheriff made the purchasers a deed therefor. It further alleges that at the sheriff's sale, plaintiff well knowing the title he had in said real estate and the fact that the same was about to be sold, stood by at said sale, made no objection thereto, saw the property sold and received the benefit of the credit of the purchase price upon the judgments against him; whereby he is estopped from asserting that the judgments, executions, or sale were in any way informal, irregular or void.

The answer of the defendants, by the way of cross-bill, sets forth that their father, Francis M. Brown, died possessed of personal property worth $7,000; that said property came into the possession of Mary E. Martin and was held by her in trust for said defendants, who were heirs of said Francis M. Brown, and that she turned over said property to the plaintiff as trustee for said heirs; that at the time of said marriage Mary E. Martin was possessed of $5,000 of personal property of which said plaintiff took possession upon said marriage without the written assent or permission of said Mary E. Martin; that administration was had upon the estate of said Mary E. Martin, but no account was taken of the said $5,000; that the plaintiff has converted all of

said moneys to his own use and refuses to account therefor; the answer prays that plaintiff be required to account for said moneys, and for proper relief in respect thereto.   To this part of the answer plaintiff demurred on the gound that "the demands are in favor of the estates of Mary E. Martin, deceased, and Francis M. Brown, deceased, and that defendants have no legal capacity to plead the same, or to maintain any action at law or in equity therefor against the plaintiff."

Upon the pleadings and proofs the court rendered a decree for the plaintiff as prayed, setting aside the sheriff's deed, gave him judgment for the recovery of the land and damages to the amount of $1,197.50.   On the same day all the defendants except Asa Roy Martin filed a motion for a new trial, which was overruled and severance being granted they appealed.

In due time defendants presented their bill of exceptions to the judge in which they attempted to save all adverse rulings of the court upon all matters of exception, which was signed by him, but several objections are made to it by plaintiff and it is necessary to pass upon these objections in the first instance, in order to determine whether the bill and the matters preserved thereby can in fact be determined upon this appeal, for if not, then there is nothing before this court for review except the record proper.

It is said by plaintiff that the bill of exceptions is not properly authenticated or identified, and, if this be true, nothing therein contained can be considered by us on this appeal.

The record proper shows that at the regular November term, 1891, of the circuit court in which the cause was tried, and on the twenty-first day of said month, the following entry was made in said cause on the record of said court, to-wit:   "And now again come the said defendants and present a bill of exceptions which being found to be correct is allowed, signed, sealed and ordered to be filed and made a part of the

record, and said bill of exceptions is now here filed.'' This would seem of itself to be sufficient to identify the bill and show that it was duly filed, but the original bill was transmitted to this court by the clerk of said circuit court in pursuance of the order of this court, and it shows that it was duly signed by the trial judge, and bears upon its cover the following endorsements, to-wit: ''Martin v. Castle et al., Bill of Exceptions Filed, Nov. 21, 1901.   C. E. Stevenson, Clerk.''   Thus showing that the bill was allowed and signed by the judge, ordered to be filed, and was filed, by the order of court, and in addition thereto it is shown by the indorsement of the clerk that it was filed by him on the same day the record of the court shows it was filed.   It is inconceivable to us how there could be any question as to the authentication of the bill, or of its identification under the circumstances.

Plaintiff contends that the additional abstract filed by him shows that at the beginning of the trial plaintiff offered in evidence a number of documents, including various pages from the docket of the justice of the peace, summons, returns of constable, etc., and that when these documents were read in evidence they were called for, but not copied in the bill.   Nor are they set out in full in appellant's abstract, but their substance, merely, stated, hence they can not be considered.

''The practice of filing a skeleton bill of exceptions in the circuit court has prevailed for many years in this State and calling therein for deeds, depositions and other exhibits, by referring to them and describing them so clearly that no mistake can be made as to their identity.''   [Stern v. Foltz, 152 Mo. l. c. 558; Crawford v. Spencer, 92 Mo. 498; Myers v. Myers, 98 Mo. 262; Tipton v. Renner, 105 Mo. 1; Pitkin v. Shacklett, 106 Mo. 571.]   Then when the clerk makes up the transcript of the record for this court he copies in full the documentary evidence referred to and for which blanks have been left in the bill of exceptions.   This is the

rule where the case comes here on full transcript.   But when the case is brought here under the provisions of section 813, Revised Statutes 1899, which practically permits an appellant to make his own abstract a different rule prevails.   "Such an abstract is never authenticated by the clerk.   It is conclusively presumed to be true unless challenged by a counter abstract as provided by said section.   Nothing more is required in an abstract than recital of the substance of the various entries" (McDonald & Co. v. Hoover, 142 Mo. l. c. 493) ; and if the appellee is dissatisfied with such abstract of the appellant, he may file such abstracts on his part, or any additional abstract; and in case the opposite party shall not concur in such abstract of record, he shall specify his objection thereto in writing and file the same with the clerk and serve the adverse party with a copy thereof and thereupon the clerk of the appellate court shall forthwith issue and send an official order commanding the clerk of the trial court to send to such appellate court a certified transcript of that part of the record so in dispute.   The documentary evidence referred to by plaintiff is with respect to the justice of the peace judgments against plaintiff, transcripts of which were filed in the office of the clerk of the circuit court of said county, upon which executions were subsequently issued and plaintiff's interest in the land in question sold.   There does not seem to us to be any substantial difference between defendants' abstract and respondent's additional abstract with respect to these matters.   So with respect to other matters in evidence which are omitted from appellants' abstract; they are supplied by the additional abstract of respondent, and of the appellant.   So that we have before us not only the record proper, but all matters of exception to the pleadings, and what occurred during the pendency of the suit and upon its trial.

At the request of the parties the court at the time of

rendering judgment in the cause made a finding of facts which, in so far as necessary for a determination of this case, are as follows:

"1. Plaintiff was lawfully married to Mary E. Martin on the thirtieth day of April, 1884, in Delta county, Colorado, and lived with her as her husband until her death; on June 5, 1887, issue was born alive of said marriage; said Mary E. Martin died March, 1895, intestate, in Andrew county, Missouri, leaving as her heirs at law her children, Lydia V. Castle, Martha Caron, Philip N. Brown, Samuel F. Brown and Asa Roy Martin.

"2. At her death she was the owner in fee of lands in Andrew county, as alleged and described in the petition, a part of which land after her death was partitioned and set apart to defendants as alleged in the petition.

"3. Asa Roy Martin is a minor, and Isaac R. Williams was at the time of trial his curator. Said minor has since become fourteen years of age and has selected W. R. Nuckols as curator, who has been duly appointed by the probate court, and has given bond and duly qualified.

"4. Judgments were recovered by E. S. Castle, Charles F. Booher and Isaac R. Williams against plaintiff before J. B. Majors, a justice of the peace of Nodaway township, Andrew county, Missouri, as follows: February 18, 1896, Castle for $107.25; December 14, 1895, Booher and Williams, for $157; December 14, 1895, Booher and Williams for $243.37; and costs in each case. Executions were issued on these judgments and *nulla bona* returns made. Transcripts were filed in the office of the clerk of the circuit court and execution issued thereon to the sheriff, who by virtue thereof levied upon and sold all the right, title and interest of plaintiff in the lands described in the petition, at which sale Lydia V. Castle, Martha Caron, Philip N. Brown, Asa Roy Martin and Samuel F. Brown became the

purchasers at the price and sum of $160, and a deed was made by the sheriff to said purchasers in due form of law.

"5. The summons in each case against the plaintiff before said justice was directed to the constable of Nodaway township. On each summons the constable returned that he served defendant · therein, plaintiff herein, by reading the same to him (giving date) in Rochester township, Andrew county, Missouri. Said Nodaway and Rochester townships were adjoining townships of Andrew county, and plaintiff herein resided, at the time said suits were brought and service had, in said Rochester township. The constable's return in the said three cases before the justice of the peace do not show that said Rochester township, the place of service, adjoined Nodaway township, the venue of the suits, but pending this suit at bar the justice permitted the constable to amend his return, showing the township adjoined, notice of the application to amend being given defendant.

"6. The sale by the sheriff was fairly conducted; the plaintiff was present at the sale and made no objection pending the sale or afterwards before deed was made. The plaintiff was born July 12, 1845."

The court also at the request of the plaintiff, declared the law to be as follows:

The court concludes the law to be as follows:

"1. Judgments before the justice of the peace were void.

"2. The price for which the lands were sold at the sheriff's sale was inadequate.

"3. The plaintiff is entitled to judgment as prayed by him as to the said one hundred and forty-eight and one-half acres with damages, rents and profits."

The first question presented for solution upon this appeal is as to whether the justice had jurisdiction to render the judgments against plaintiff under which his interest in the land was sold.

The court found that the judgments against plaintiff in this suit under which the lands were sold were rendered by J. B. Majors, a justice of the peace of Nodaway township, Andrew county, and that the summons in each case was directed to the constable of said township, but were served by him on Martin in Rochester township in said county. That said townships were adjoining townships in said county, and that Martin at the time of the service of said processes upon him resided in Rochester township. That the constable's returns in said three cases before the justice of the peace do not show that Rochester township, the place of service, adjoined Nodaway township, the venue of the suits; but pending this suit at bar the justice permitted the constable to amend his return, showing the township adjoined, notice of the application to amend being given plaintiffs. And held as a matter of law that the judgments before the justice of the peace were void.

By section 3839, Revised Statutes 1899, suits before justices of the peace are required to be brought before some justice of the township in which the defendants, or one of them, resides or in "an adjoining township." The returns of the constable upon the summonses did not, when returned, show that said townships were adjoining and in the same county, but after the returns were amended before the justice they did show this to be the fact.

As was said in Turner v. Railroad, 78 Mo. 578, "The justice had jurisdiction of the cause if the writ was, in fact, properly served on the defendant, whether the return of service made by the officer was defective or not. The service in this case was sufficient, and the return only was defective in not stating correctly the manner of service, and no error was committed by the circuit court in permitting the amendment." So in the case at bar, the returns only were defective in not stating that the townships of Nodaway and Rochester were adjoining townships in the same county—and the justice

had the right to permit the amendments in this regard in subservance of the ends of justice.

The case of Commission Co. v. Estep, 63 Mo. App. 544, was a garnishment proceeding, and after it was begun, which was some thirteen months after garnishment in Greene county, the justice before whom the proceedings were had permitted the constable to amend his returns so as to make them conform to the fact and thereby show a proper service and proper returns. These amended returns were admitted in evidence by the trial court over the objection of the plaintiff. ELLISON, J., speaking for the court, said:

"That an amendment of a return may be made by an officer, so as to make it conform to the fact, is quite well settled. [Fee v. Railroad, 58 Mo. App. 90; Corby v. Burns, 36 Mo. 194; Bank v. Grewe, 84 Mo. 477; Stewart v. Stringer, 45 Mo. 113; McClure v. Wells, 46 Mo. 311.] It is no objection that the amendment is permitted after the suit which the amendment is sought to affect, has been begun. [Fee v. Railroad, and Corby v. Burns, supra.] Nor is it any objection that the amendment is made during the trial of such suit. Nor that the amendment was permitted thirteen months after the original returns were made. Nor, where jurisdiction of the court, in fact, exists, will it be an objection that no jurisdiction appeared except by amendment.

"But plaintiff contends that if an amendment can properly be made, yet the proceeding here being before the circuit court of Jackson county, the amendment could not be authorized or permitted by the justice of the peace in Greene county. In the statute, section 6225, Revised Statutes 1889, relating to justices of the peace, it is provided that the justice may, in open court, amend on motion of either party, any summons, writ, or other proceeding. The amendment here was made at the instance of this garnishee, who was also the garnishee in the proceeding before the justice in Greene county. And these amendments have been permitted

in justices' courts, apparently, without reference to the statute aforesaid, but simply from the inclination of the courts to subserve the ends of justice. [See cases of Corby v. Burns, 36 Mo. 194, and Fee v. Railroad, 58 Mo. App. 90.] These amendments have been permitted in the circuit court on appeal, on the ground that they could have been permitted in the justice's court. [Transier v. Railroad, 54 Mo. 189; Boulware v. Railroad, 79 Mo. 494.] Our opinion, therefore, is, that the amendment could be made, under the supervision and with the permission and authority of the justice's court in Greene county, in which the records and proceeding remained.''

Our conclusion is that the court erred in declaring as a matter of law that the judgments rendered by the justice of the peace were void.

While the court found that the sale of the land by the sheriff was fairly conducted, and that plaintiff herein was present at the sale and made no objection pending the sale or afterwards or before it was made, it also found that the land was worth at that time thirty-seven dollars and fifty cents per acre, and as plaintiff was born July 12, 1845, it ruled as a matter of law the price for which the lands were sold at said sheriff's sale was inadequate. There was no satisfactory evidence as to what plaintiff's interest in the land was worth, even approximately, but as the amount that it brought at the sheriff's sale was so disproportionate to what was found to be its value by the court, we would not be inclined to reverse the judgment of the court upon that feature of the case alone, but for other reasons indicated in this opinion, we reverse the judgment and remand the cause.

All concur.